J-S62004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN THOMAS DRESCHER | |
| Appellant | No. 1948 MDA 2016 |

Appeal from the Judgment of Sentence Entered October 18, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No: CP-21-CR-0002676-2015

BEFORE: STABILE, MOULTON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                     **FILED DECEMBER 21, 2017**

Appellant John Thomas Drescher appeals from the October 18, 2016, judgment of sentence entered in the Court of Common Pleas of Cumberland County ("trial court"), following his jury convictions for riding his bicycle under the influence of alcohol ("DUI") in violation of Section 3802(a)(1) of the Vehicle Code, 75 Pa.C.S.A. § 3802(a)(1). Upon review, we vacate and remand for resentencing.

The facts and procedural history underlying this case are undisputed. As recounted by the trial court:

> Late at night on June 2, 2015, Officer Jory C. Harlan initiated a traffic stop after witnessing [Appellant], on a bicycle without visible reflectors or red lights, ride past the officer's parked vehicle. Immediately upon approaching [Appellant], Officer Harlan detected the strong odor of alcohol and noted that [Appellant] appeared visibly intoxicated and had both slurred speech and difficulty standing. During the course of the stop,

---

[*] Retired Senior Judge assigned to the Superior Court.

> [Appellant] admitted to having consumed multiple alcoholic beverages. [Appellant] failed the field sobriety tests administered by Officer Harlan, and was arrested for DUI. Upon being brought to the police station and being read the refusal warnings contained within Pennsylvania's DL-26 form, [Appellant] refused to provide a sample of his blood. [Appellant] was charged with both DUI-General Impairment (3rd or subsequent) and DUI-General Impairment with Refusal (3rd or subsequent).
>
> Following a jury trial on March 22, 2016, [Appellant] was found guilty on both counts and was ordered to appear for sentencing on May 24, 2016. [Appellant] failed to appear for sentencing on May 24, 2016, and a bench warrant was issued. [Appellant] was subsequently arrested on the bench warrant[.]

Trial Court Opinion, 1/6/17, 1-2. On July 29, 2016, Appellant filed a "post-trial motion," arguing that it would be illegal under *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016), which was issued on June 23, 2016, for the trial court to impose upon him enhanced penalties for his refusal to submit to a blood draw. On October 18, 2016, the trial court sentenced Appellant to, *inter alia*, one to five years' imprisonment for DUI-general impairment (with refusal). On the same day, the trial court denied Appellant's "post-trial motion," which the trial court treated as a post-sentence motion. Appellant timely appealed. Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[1] Appellant argues only, and the Commonwealth agrees, that the trial court erred as a matter of law under *Birchfield* in imposing upon him enhanced penalties for his refusal to provide a blood sample.

_____

[1] Because Appellant's claim implicates the legality of his sentence, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Wolfe*, 106 A.3d 800, 802 (Pa. 2014).

In ***Birchfield***, the United States Supreme Court held that criminalization of a suspect's refusal to consent to a warrantless blood test violates the Fourth Amendment to the United States Constitution. ***Birchfield***, 136 S. Ct. at 2186. Recently, we concluded that the imposition of enhanced criminal penalties for refusing to provide a blood sample is constitutionally invalid. ***See Commonwealth v. Giron***, 155 A.3d 635, 639-40 (Pa. Super. 2017) (vacating a sentence that included increased criminal penalties based on a defendant's refusal to consent to a blood test).

Instantly, as noted above, it is undisputed that Appellant was subjected to enhanced penalties for his refusal to provide a blood sample. Appellant was sentenced to one to five years' imprisonment for DUI-general impairment (with refusal). Thus, consistent with ***Birchfield*** and ***Giron***, we agree with Appellant and the Commonwealth that Appellant's sentence here is illegal. Accordingly, we vacate Appellant's judgment of sentence and remand this matter to the trial court for resentencing.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2017

- 3 -