J-S63019-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONDA MICHALIDES | |
| Appellant | No. 40 WDA 2017 |

Appeal from the Judgment of Sentence Entered November 30, 2016
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-SA-0000060-2016

BEFORE: BOWES, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SOLANO, J.: FILED DECEMBER 22, 2017

Appellant Ronda Michalides appeals from the judgment of sentence imposed after the summary appeal of her conviction for violation of the Public School Code's compulsory attendance requirements.[1] We affirm.

On December 10, 2015, this action was initiated by a private summary complaint filed by the Forest Hills School District and its dean of students, Laura Miller. N.T., 11/30/16, at 5, 12. The complaint alleged that Appellant's child ("the Child") was truant from school during the 2015-2016 school year. A child is considered truant if he or she has been absent from school for "three (3) days, or their equivalent, without lawful excuse." 24 P.S. § 13-1354. Here, the Child attended a cyber school, and the

_____

[1] 24 P.S. § 13-1333(a)(1).

"equivalent" of a school day occurred if the Child was logged on to the cyber school for five hours per day. N.T., 11/30/16, at 43.

On July 12, 2016, Magisterial District Judge Rick Varner found Appellant[2] guilty in abstentia and imposed a $300.00 fine and $84.00 in costs for a total of $384.00. On August 10, 2016, Appellant appealed her summary conviction, and a de novo trial was held on November 30, 2016.

At trial, Ms. Miller testified on behalf of the Commonwealth, stating that she "oversee[s]" Forest Hills School District's "cyber academy where [the Child] was a student." N.T., 11/30/16, at 5. She stated that it was Appellant's choice to allow her Child to attend the cyber school. Id. at 8. Ms. Miller explained that students who register for the cyber academy "have to go to the Learning Lamp," which provides after-school and alternative education programs for schools, including online learning for the Forest Hills School District. Id. at 43. She continued that, at Learning Lamp, the students must "pick up their computer and sign all the documents saying they understand the polices, they received the equipment, they know that they can't go on Facebook, that the parent is responsible for the equipment, et cetera." Id. Ms. Miller confirmed that part of the "policy is that after receipt of two attendance violation letters for not attending, that [students] will have to log on for a minimum of five hours[.]" Id.

_____

[2] Appellant was pro se at the time of the magistrate judge's hearing, but is now represented by counsel for her appeal to this Court.

- 2 -

Ms. Miller testified that a parent must obtain Internet access for the Child and that a parent can request reimbursement for the cost of the access. N.T., 11/30/16, at 44. Her testimony continued:

Q    So all [Appellant] had to do was get internet and make sure [the C]hild got on and you would reimburse her?

A    That's correct.

Q    And she was explained that?

A    Yes.

Q    What happened?

A    I did not hear from her again. That was around the time we had a court hearing with Magistrate Varner. He requested the five hours, and then I was working with her Probation Officer Maul to try to keep in the loop, because I honestly can't keep track of where she is living or what she is doing. We did a home visit, the Learning Lamp and I did, but there was no answer over a period of time that we tried to visit the house, because we weren't even sure if she was our student or if she should be enrolled in the Conemaugh Valley School District.

*    *    *

[W]hen there is internet trouble at home, I want to clarify that the students are permitted to go to the Learning Lamp. There are drop-in hours. . . . They can go and sit with the teacher and be tutored.

*    *    *

[W]e were very clear that we provide biweekly progress reports. Parents can check and see what their kids are doing. There's a parental portal. They can see how much work they've done.

*    *    *

So there is a lot that can be done. To plead ignorance that the work was not being done is not – was inaccurate since we send out those reports every two weeks. They're mailed and emailed. If there's a violation, they're mailed, and then they're also emailed.

Id. at 45-48.

- 3 -

Appellant also testified on her own behalf. She asserted that the Child "went to live with her dad," but "[t]he Court made her come back home . . . [t]o me." N.T., 11/30/16, at 17. When asked if she would "sit over [the Child's] shoulder and make sure she was doing her work," Appellant answered, "Not all the time." Id. at 37. When asked again if she would "sit with [the Child] when she was on the computer making sure she was doing her work," Appellant replied, "Not at all times, but I'm sure the teacher don't look over their kids." Id. at 38. When asked a third time if, "on these days that [the Child] had to be on the computer for five hours, did you make sure she sat at the computer for five hours," Appellant responded, "On those days, I'm not sure." Id. at 39. Appellant also testified: "It's not my responsibility to educate her. . . And, you know what, I didn't know all of the stipulations." Id. at 40.

At the conclusion of the de novo trial, Appellant was found guilty and sentenced to pay a $300 fine and costs. Order, 12/1/16; N.T., 11/30/16, at 50. However, the trial court suspended the fine, "contingent upon [Appellant] enrolling [the C]hild in school upon the [C]hild's release from placement, and ensuring the child's regular school attendance." Trial Ct. Op. at 1 (citing Order, 12/1/16).

On December 30, 2016, Appellant filed a timely appeal. In an order dated and timestamped January 12, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("Concise Statement") within twenty-one days of the entry of the order on the docket.

- 4 -

J-S63019-17

The docket, however, does not reflect when the court served the order on Appellant. Pa.R.Crim.P. 114(C)(2)(c). Appellant filed her Concise Statement on February 3, 2017 — twenty-two days after the entry of the order. Although Appellant's Concise Statement was apparently untimely by one day, we decline to find she has waived her issues because the trial court's docket fails to show when the trial court served the order on Appellant. Cf. In re Johnson, 970 A.2d 433, 439 n.7 (Pa. Super. 2009) (declining to find waiver for failure to file a timely Rule 1925(b) statement because docket did not reflect service of the Rule 1925(b) order per Pa.R.C.P. 236(b)).

> Appellant's pro se Concise Statement, in its entirety, stated:
>
> This appeal is taken from final Order of a Hearing de novo on Summary appeal.
>
> [Appellant] submits that the evidence presented in this case was insufficient to sustain a conviction for the summary offenses, verdict was against the weight of the evidence.
>
> Specifically, the evidence and record in this matter indicates that [Appellant]'s child was in Cyber School and was required to be signed on during certain hours of the school day. The child was signed in doing the hours required. The Court erred in reaching a verdict against the weight of the evidence.

Concise Statement, 2/3/17.

In her counseled brief to this Court, Appellant now presents the following issue for our review:

> The Trial Court erred in affirming the Appellant's summary conviction of violating 24 P.S. § 13-1333(a)(1) regarding the Commonwealth's compulsory school attendance law when the evidence was insufficient to warrant such a conviction where the Commonwealth failed to present any evidence that the Appellant received proper notice of the charges per 24 P.S. § 13-

- 5 -

1333(a)(1)-(3), nor did the Commonwealth present any evidence establishing that the Appellant was the custodial guardian of the [C]hild in question.

Appellant's Brief at 4.

The Commonwealth contends that Appellant's Concise Statement challenged the weight of the evidence, while the question posed in her brief challenges the sufficiency of the evidence. Commonwealth's Brief at 10-11. The Commonwealth thus argues that Appellant's Statement failed to preserve any challenge to the sufficiency of the evidence. Id. However, as Appellant was pro se at the time she filed her Concise Statement, and as the Statement includes the claim that "the evidence presented in this case was insufficient to sustain a conviction for the summary offense[]," we find that Appellant has preserved her sufficiency claim and will address this issue on the merits.[3]

Our standard of review when examining a challenge to the sufficiency of the evidence is as follows:

> "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is de novo and our scope of review is plenary." Commonwealth v. Giron, 155 A.3d 635, 638 (Pa. Super. 2017) (citation omitted). In assessing

---

[3] The Commonwealth also wrote in its brief: "The trial court never addressed the two elements complained of on appeal because it lacked a proper Rule 1925 statement from [Appellant]. Accordingly, the issues, which have been asserted for the first time on appeal, are waived." Commonwealth's Brief at 11. To the extent that the Commonwealth is claiming that Appellant cannot now specifically challenge whether she "received proper notice of the charges" and whether "evidence establish[ed] that the Appellant was the custodial guardian" of the Child, Appellant's Brief at 4, we find that Appellant's broadly phrased sufficiency challenge in her pro se Concise Statement encompasses these two more specific issues.

Appellant's sufficiency challenge, we must determine "whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact–finder to find every element of the crime beyond a reasonable doubt." Commonwealth v. Williams, 153 A.3d 372, 375 (Pa. Super. 2016) (citation omitted). "The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." Commonwealth v. Kennedy, 151 A.3d 1117, 1121 (Pa. Super. 2016) (citation omitted).

Commonwealth v. Hutchison, 164 A.3d 494, 497 (Pa. Super. 2017) (alterations in original).

At the time that the private summary complaint was filed against Appellant on December 10, 2015, Section 1333(a) of the School Code, 24 P.S. § 13-1333(a), read as follows:

(1) Every parent, guardian, or person in parental relation, having control or charge of any child or children of compulsory school age, who shall fail to comply with the provisions of this act regarding compulsory attendance, shall on summary conviction thereof, be sentenced to pay a fine, for the benefit of the school district in which such offending person resides, not exceeding three hundred dollars ($300) and to pay court costs or be sentenced to complete a parenting education program offered and operated by a local school district, medical institution or other community resources, and, in default of the payment of such fine and costs or completion of the parenting program by the person so offending, shall be sentenced to the county jail for a period not exceeding five (5) days. . . . Before any proceedings are instituted against any parent, guardian, or person in parental relation, for failure to comply with the provisions of this act, the district superintendent, attendance officer, or secretary of the board of school directors, shall give the offending person three (3) days' written notice of such violation. If, after such notice has been given, the provisions of this act regarding compulsory attendance are again violated by the persons so notified, at any time during the term of compulsory attendance, such person, so again offending, shall be liable under the provisions of this section without further notice.

- 7 -

(2) The child and every parent, guardian or person in parental relation must appear at a hearing established by the district justice. If the parent, guardian or person in parental relation charged with a summary offense under this subsection shows that he or she took every reasonable step to insure attendance of the child at school, he or she shall not be convicted of the summary offense.

(3) Upon a summary conviction, the district justice may suspend, in whole or in part, a sentence in which a parent, guardian or person in parental relation is summoned to pay as required under this section: Provided, That the child no longer is habitually truant from school without justification.

Id. (emphasis added)

Appellant contends that "the Commonwealth failed to present any evidence that the Appellant received proper notice of the charges." Appellant's Brief at 7. In making this argument, Appellant relies on an amended version of Section 1333 that was enacted on November 3, 2016, and became effective for the 2017-2018 school year. The amended statute contains more detailed notice requirements than the version of the statute that was in place at the time that the private summary complaint was filed.[4] To the extent Appellant challenges the failure to comply with those newer requirements, see Appellant's Brief at 8, her claim is meritless.

_____

[4] The amended version of the statute requires that the notice to a biological or adoptive parent: "(1) shall include a description of the consequences that will follow if the child becomes habitually truant; (2) shall be in the mode and language of communication preferred by the person in parental relation; [and] (3) may include the offer of a school attendance improvement conference[.]" 24 P.S. § 13-1333(a)(1)-(3).

- 8 -

If Appellant is claiming that she never received any written "notice of alleged violations . . . required to convict a parent of truancy of their child," Appellant's Brief at 8, such a claim is belied by the record. The Commonwealth points out that Ms. Miller "testified that notice of attendance violations are mailed and emailed." Commonwealth's Brief at 7 (emphasis deleted) (citing N.T., 11/30/16, at 48). The record contains uncontradicted testimony by Ms. Miller that the school "provide[s] biweekly progress reports," which are "sen[t] out . . . every two weeks" by "mail[] and email[]. If there's a violation, they're mailed, and then they're also emailed." N.T., 11/30/16, at 47-48. The trial court referenced these notifications. See Trial Ct. Op. at 4. The first component of Appellant's challenge to the sufficiency of the evidence therefore has no merit.

Appellant also claims that the Commonwealth failed to establish that the Appellant was the custodial parent of the Child. Appellant's Brief at 11. This assertion also is belied by the record and, indeed, is contradicted by Appellant's own testimony that the Child was living with her. N.T., 11/30/16, at 17. Ms. Miller testified that Appellant was making the educational decisions for the Child, including the choice "to allow [the Child] to attend cyber school." Id. at 8. Appellant presented no evidence that any other party had custody of the Child during the 2015-2016 school year. See

generally id. at 15-42. Accordingly, the second component of Appellant's challenge to the sufficiency of the evidence likewise merits no relief.[5]

In summary, we cannot conclude, upon viewing all the evidence admitted at trial in a light most favorable to the Commonwealth, that there was insufficient evidence to support the verdict.

Judgment of sentence affirmed.

_____

[5] To the extent Appellant presents a broader challenge to the sufficiency of the evidence, we reject that contention on the basis of the well-reasoned opinion by the Honorable David J. Tulowitzki, who stated:

> [A]t trial de novo, the Commonwealth offered considerable testimony from Laura Miller, Dean of Students for the school district where [the C]hild attended, as to the [C]hild's failure to either attend school, or log on and actively participate in cyber school for the requisite number of hours/day. Ms. Miller also testified as to the school's willingness to supply the student's computer, internet access, and tutoring/assistance. . . . In response, [Appellant] admitted that she did not sit with her daughter at all times[,] N.T.[,] 11/30/16, [at] 37-38[,] and did not ensure that her daughter logged on for 5 hours each day[. Id. at 39]. Additionally, [Appellant] stated that "[i]t's not my responsibility to educate her . . . ," and that she "didn't know all of the stipulations[." Id. at 40.]
>
> Given these facts, although we believe that [Appellant] tried to ensure her daughter's attendance, she did not try hard enough, and admitted as much. The record overwhelmingly supports [Appellant]'s conviction, and is neither weak nor inconclusive.

Trial Ct. Op. at 4.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2017