This case, in particular, demonstrates the need for an attorney to advocate for the legal interests and wishes of a child, rather than serve as a GAL when the basis for adjudication is status offenses. When Attorney Kane refused to advocate the Child's position, the Child stopped communicating with Attorney Kane. Moreover, the Child, whose conduct was at issue, did not have an attorney providing him with a voice in the courtroom. Rather, the Child had a GAL who was advocating a position that was contrary to the Child's wishes.

We strongly stress the importance of a child having an attorney advocating for that child's legal interests and wishes in the courtroom when the basis for adjudication is status offenses. To have a child's attorney advocate a position contrary to that child's position in such a situation is contrary to our basic notions of fairness in an adversarial system. Further, when the basis for adjudication is status offenses, we are confident that the trial court, who hears the evidence in its totality, is capable of determining the best interests of a child without a GAL.

Order affirmed.[3]

**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Mario GIRON, Appellant**

**No. 1300 EDA 2016**

Superior Court of Pennsylvania.

Argued November 1, 2016
FILED JANUARY 31, 2017

---

**3.** Appellee's request for attorney's fees summarily asserted in Appellee's Brief is denied.

Joshua I. Chung, Norristown, for appellant.

Todd N. Barnes, Assistant District Attorney, Norristown, for Commonwealth, appellee.

BEFORE: BOWES, OLSON and STABILE, JJ.

OPINION BY OLSON, J.:

Appellant, Mario Giron, appeals from the judgment of sentence entered on April 15, 2016. In this case, we hold that, pursuant to ***Birchfield v. North Dakota,*** — U.S. ——, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016),[1] a defendant who refuses to provide a blood sample when requested by police is not subject to the enhanced penalties pro-

---

1. In ***Birchfield,*** the Supreme Court of the United States held that police can compel a driver to give a breath sample without a warrant; however, police cannot compel a driver to provide a blood sample without first obtaining a search warrant except in certain limited circumstances. ***Birchfield,*** 136 S.Ct. at 2172–2186.

vided in 75 Pa.C.S.A. §§ 3803–3804. As Appellant was subjected to the enhanced penalties provided by sections 3803 and 3804 for refusing to provide a blood sample, his sentence was illegal and although we affirm his convictions, we are constrained to vacate his judgment of sentence and remand for re-sentencing.

The factual background and procedural history of this case are as follows. At approximately 1:25 a.m. on February 12, 2015, Officer Bryan Nawoschik witnessed Appellant's vehicle sideswipe a legally parked car. Officer Nawoschik initiated a traffic stop. When Appellant rolled down the vehicle window, a strong odor of alcohol emanated from the vehicle. Officer Nawoschik and Officer Brian Boyer noticed that Appellant had red, glassy eyes and his speech was slurred.

When Appellant exited the vehicle, the officers noticed that he was unsteady on his feet. At that time, Officer Nawoschik arrested Appellant for suspicion of driving under the influence of alcohol. Officer Nawoschik requested that Appellant provide a blood sample; however, Appellant refused to provide a blood sample. At the police station, Appellant was shown the May 2008 version of a DL–26 form printed in Spanish. That form also requested Appellant provide a blood sample. Appellant refused to read or sign the form.

On April 10, 2015, the Commonwealth charged Appellant via criminal information with first offense driving under the influence–general impairment ("DUI-general impairment") (with refusal),[2] careless driv-

ing,[3] driving without a license,[4] fleeing the scene of an accident,[5] and public drunkenness.[6]

On April 8, 2016, the Commonwealth amended the criminal information and the parties proceeded to a non-jury trial. Appellant was convicted of second offense DUI-general impairment (with refusal), careless driving, driving without a license, and fleeing the scene of an accident. On April 15, 2016, the trial court sentenced Appellant to 90 days to 5 years' imprisonment on the second offense DUI-general impairment (with refusal) charge. This timely appeal followed.[7]

Appellant presents two issues for our review:

1. Whether the fact-finder could find every element of the crime of DUI beyond a reasonable doubt, with the evidence in the light most favorable to the verdict winner, when the arresting officers presented no physical evidence at trial other than their own testimony based on consistent communications in English with a non-English speaker who did not understand[?]

2. Whether a clear miscarriage of justice occurred when officers attempted no language accommodation, despite several options existing to them, and where video evidence is unavailable to corroborate the knowing, voluntary, and intelligent provision to [Appellant] of DL–26, and where video evidence that does exist

---

**2.** 75 Pa.C.S.A. § 3802(a)(1).

**3.** 75 Pa.C.S.A. § 3714(a).

**4.** 75 Pa.C.S.A. § 1501(a).

**5.** 75 Pa.C.S.A. § 3745(a).

**6.** 18 Pa.C.S.A. § 5505.

**7.** On May 3, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On May 24, 2016, Appellant filed his concise statement. On June 17, 2016, the trial court issued its Rule 1925(a) opinion. Both of Appellant's issues were included in his concise statement.

does not show probable cause for the arrest[?]

Appellant's Brief at 4.[8]

 Appellant's first issue challenges the sufficiency of the evidence. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Walls*, 144 A.3d 926, 931 (Pa. Super. 2016) (citation omitted). "In assessing Appellant's sufficiency challenge, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that the Commonwealth proved [each] element of the crime beyond a reasonable doubt." *Commonwealth v. Ansell*, 143 A.3d 944, 949 (Pa. Super. 2016) (citation omitted). "The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Commonwealth v. Ford*, 141 A.3d 547, 552 (Pa. Super. 2016) (citation omitted).

 Appellant contends that there was insufficient evidence to convict him of DUI-general impairment because there was no physical or videotape evidence presented at trial. This argument is wholly frivolous. There is no requirement that videotape or physical evidence be presented at trial. *E.g., Commonwealth v. Dent*, 837 A.2d 571, 590 (Pa. Super. 2003), *appeal denied*, 581 Pa. 671, 863 A.2d 1143 (2004); *Commonwealth v. Fisher*, 764 A.2d 82, 87–88 (Pa. Super. 2000), *appeal denied*, 566 Pa. 658, 782 A.2d 542 (2001); *Commonwealth v. Steward*, 762 A.2d 721, 722–723 (Pa. Super. 2000), *appeal denied*, 566 Pa. 662, 782 A.2d 545 (2001). Instead, police officers' testimony is sufficient to prove the elements of DUI-general impairment. *See Commonwealth v. Stanley*, 427 Pa.Super. 422, 629 A.2d 940, 943 (1993), *citing Commonwealth v. Karch*, 349 Pa.Super. 227, 502 A.2d 1359, 1361–1362 (1986). Accordingly, Appellant is not entitled to relief on his sufficiency challenge.

 In his second issue, Appellant challenges the weight of the evidence. This argument is waived. "A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." *Commonwealth v. Thompson*, 93 A.3d 478, 490 (Pa. Super. 2014) (internal alteration and citations omitted). In this case, Appellant did not file a post-sentence motion or a written motion prior to sentencing. Moreover, Appellant did not preserve the issue orally prior to sentencing. Accordingly, Appellant has waived his challenge to the weight of the evidence.

 Finally, we *sua sponte* consider the legality of Appellant's sentence.[9] *See Commonwealth v. Mosley*, 114 A.3d 1072, 1087 (Pa. Super. 2015) (citation omitted). In order to understand our illegal sentencing analysis, it is necessary to understand the structure of Pennsylvania's DUI statutes.

Pennsylvania law prescribes a three-tiered DUI statutory scheme, which penalizes and punishes drivers with higher levels of alcohol in their blood more severely than drivers with relatively lower blood alcohol levels. Section 3802(a) prohibits an individual from driving a vehicle "after

---

8. As noted during oral argument, we could dismiss this appeal, or find Appellant waived both issues presented, for failure to include any citations to authority in the argument portion of his brief. *See* Pa.R.A.P. 2101, 2119(a). We exercise our discretion, however, and decline to dismiss this appeal or find waiver on that ground.

9. At oral argument, we directed counsel to address the legality of Appellant's sentence.

imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving ... the vehicle" and from driving a vehicle with a blood alcohol concentration ("BAC") of at least 0.08% but less than 0.10%. Section 3802(b) prohibits an individual from driving a vehicle with a BAC of at least 0.10% but less than 0.16%. Section 3802(c) prohibits an individual from driving a vehicle with a BAC that is 0.16% or higher. 75 Pa.C.S.A. § 3802.

Section 3804 sets forth the penalties for individuals who violate sections 3802(a), (b), and (c). The penalties are lowest for individuals who violate section 3802(a) and are the greatest for individuals who violate section 3802(c). However, section 3804 also sets forth the punishment for individuals who refuse a blood or breath test and who are then convicted of DUI-general impairment. Specifically, it punishes individuals who refuse the test (and are convicted of DUI-general impairment) at the same level as those who are convicted of DUI-highest rate of alcohol.

Finally, with respect to an individual who refuses a blood or breath test and who is then convicted of DUI-general impairment, section 3803 also grades the conviction at the same level as an individual who is convicted of DUI-highest rate of alcohol. For individuals such as Appellant, who have "one or more prior offenses," section 3803(b)(4) grades a conviction for DUI-highest rate and DUI-general impairment (when coupled with a refusal to submit to a chemical test) as a first-degree misdemeanor. 75 Pa.C.S.A. § 3803(b)(4). A first-degree misdemeanor is punishable by up to five years' imprisonment. 18 Pa.C.S.A.

§ 1104. Second offense DUI-general impairment which results in an accident causing damage to a vehicle is punishable by up to six months' imprisonment. 75 Pa. C.S.A. § 3803(b)(1). Furthermore, section 3804 provides that an individual convicted of second offense DUI-general impairment faces a mandatory minimum of five days' imprisonment, 75 Pa.C.S.A. § 3804(a)(2)(i), while an individual convicted of second offense DUI-general impairment with refusal faces a mandatory minimum of 90 days' imprisonment. 75 Pa.C.S.A. § 3804(c)(2)(i).

Having summarized the relevant Pennsylvania DUI statutes, we turn to the issue presented by this case. Recently, the Supreme Court of the United States held that states cannot impose criminal penalties upon individuals who refuse to submit to a warrantless blood test because such penalties violate an individual's Fourth Amendment (as incorporated into the Fourteenth Amendment) right to be free from unreasonable searches and seizures. *Birchfield*, 136 S.Ct. at 2185–2186. After *Birchfield*, this Court held that sections 3803 and 3804 impose criminal penalties upon individuals who refuse to submit to blood tests. *See Commonwealth v. Evans*, 153 A.3d 323, 331, 2016 WL 7369120, *8 (Pa. Super. 2016). Accordingly, we must determine if Appellant received criminal penalties for his refusal to submit to a warrantless blood test.[10] If he did, his sentence was illegal.

■ As noted above, Officer Nawoschik requested that Appellant provide a blood sample after arresting Appellant for DUI.

---

**10.** As this Court has noted, in *Birchfield* the Supreme Court of the United States stated that it has "referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to [provide a

blood sample]. Petitioners do not question the constitutionality of those laws, and nothing [in *Birchfield*] should be read to cast doubt on them." *Evans*, 153 A.3d at 329, 2016 WL 7369120 at *6, *quoting Birchfield*, 136 S.Ct. at 2185.

*See* N.T., 4/8/16, at 15. When they returned to the police station, the officers provided Appellant with a DL–26 form in Spanish. *See id.* at 15–16. The form requested that Appellant provide a blood sample. Commonwealth's Exhibit 1, at 1. Although Appellant refused to read or sign the DL–26 form, *see* N.T., 4/8/16, at 16–17, Officer Nawoschik swore that Appellant "was invited to undergo the chemical test as authorized by [75 Pa.C.S.A. § 1547]." Commonwealth's Exhibit 1, at 1.[11] As noted above, the only invitation by Officer Nawoschik was to provide a blood sample, not a breathalyzer test. *See* N.T., 4/8/16, at 15; *see also id.* at 67 (assistant district attorney conceding that Appellant was only offered the opportunity to provide a blood sample, not a breath test). Thus, the trial court's finding that Appellant refused to provide a chemical sample for testing was based upon Appellant's failure to provide a blood sample.[12]

As noted above, Appellant faced a mandatory minimum of five days' imprisonment and a maximum penalty of six months' imprisonment without a finding that he refused chemical testing. With a finding that he refused chemical testing, Appellant faced a mandatory minimum of 90 days' imprisonment and a maximum penalty of five years' imprisonment. The trial court imposed both the 90–day mandatory minimum and the five-year maximum based upon its finding that Appellant refused to provide a blood sample. Accordingly, his sentence was illegal and we are constrained to vacate the judgment of sentence and remand for re-sentencing.

▮ In sum, we conclude that the evidence was sufficient to convict Appellant of DUI-general impairment. Furthermore, Appellant waived his challenge to the weight of the evidence. We hold that, pursuant to *Birchfield*, in the absence of a warrant or exigent circumstances justifying a search, a defendant who refuses to provide a blood sample when requested by police is not subject to the enhanced penalties provided in 75 Pa.C.S.A. §§ 3803–3804.[13] As Appellant was subjected to the enhanced penalties provided by sections 3803 and 3804 for refusing to provide a blood sample, his sentence was illegal. We therefore affirm Appellant's convictions, vacate his judgment of sentence, and remand for re-sentencing.

Judgment of sentence affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

---

11. This portion of Commonwealth's Exhibit 1 is entirely in Spanish and no English translation was provided at trial. We have translated the sentence into English.

12. When the trial court makes factual determinations after a bench trial relating to the evidence presented at trial, we are bound by those factual determinations as long as they are supported by the record. *See Commonwealth v. Decker*, 698 A.2d 99, 100 (Pa. Super. 1997), *appeal denied*, 550 Pa. 698, 705 A.2d 1304 (1998) (citation omitted). The trial court in this case found that Appellant understood Officer Nawoschik's request to provide a blood sample. *See* Trial Court Opinion, 6/17/16, at 7. Thus, this is not a case where the defendant was unaware of the type of chemical testing requested by the police.

13. We emphasize that our holding does not prohibit a driver from being subjected to enhanced penalties under sections 3803 and 3804 for refusing to provide a breath test. *See Birchfield*, 136 S.Ct. at 2173–2174.