J-S68034-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| ROBERT JOHN MCMANUS, | : | |
| | : | |
| Appellee | : | No. 481 MDA 2017 |

Appeal from the Order Entered February 17, 2017,
in the Court of Common Pleas of Schuylkill County,
Criminal Division, at No(s): CP-54-CR-0001633-2015

BEFORE:    LAZARUS, DUBOW, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED NOVEMBER 09, 2017**

The Commonwealth of Pennsylvania appeals from the February 17, 2017 order, which granted the motion to suppress results of blood testing filed by Robert John McManus (McManus).[1]  We affirm.

The suppression court summarized the facts of this case as follows based upon the testimony it found credible at the suppression hearing.

> At approximately 3:50 p.m. on March 3, 2015, the affiant, Shenandoah Police Officer Dave Stamets was dispatched to a medical call at Redner's Quick Stop [regarding a vehicle there]. Officer Stamets replied to the dispatch and completed the necessary steps for a medical call.  After completing the call, the officer received information that both of the occupants of the vehicle had suspended driver['s] licenses.
>
> The officer proceeded behind the vehicle, activated his emergency lights[,] and stopped the vehicle on SR 924 near the

---

[1] The Commonwealth has certified that this order will "substantially handicap the prosecution," and therefore this Court has jurisdiction over this interlocutory appeal pursuant to Pa.R.A.P. 311(d). Commonwealth's Brief at 1.

*Retired Senior Judge assigned to the Superior Court.

landfill. The officer approached the vehicle and spoke to [McManus] who was the driver of the vehicle. Officer Stamets testified that [McManus] had red, glassy, blood shot eyes, constricted pupils[,] and [] low raspy speech. The officer conducted field sobriety tests and testified that [McManus] failed the test[s]. [In addition, Officer Stamets found "light blue, glassine bags, which are commonly used for … packaging … heroin, inside the vehicle." N.T., 1/30/2017, at 5.] Officer Stamets placed [McManus] into the back of the vehicle and requested he submit to a drug evaluation at the Shenandoah Police Department. Officer Stamets is recognized as a drug recognition expert. Officer Stamets concluded that [McManus] was under the influence of a drug and requested that he submit to a blood test at the Pottsville Hospital. [McManus] consented to the blood draw and was taken to the Pottsville Hospital. [McManus] was read the DL-26 form and [McManus] consented to the drawing of his blood. The pertinent language of the form as read to [McManus] provided:

1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of section 3802 of the Vehicle Code.

2. I am requesting you submit to a chemical test of blood.

3. If you refuse to submit to a chemical test, your operating privilege will be suspended for at least 12 months…. In addition, if you refuse to submit to the chemical test and you are convicted of violating section 3801(a)(1) (relating to impaired driving) of the Vehicle Code, then, because of your refusal, you will be subject to more severe penalties set forth [] in Section 3804(c) (relating to penalties) of the Vehicle Code. []

4. You have no right to speak with an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to chemical testing, you will have refused the test.

(Commonwealth's Exhibit No. 2, January 30, 2017.)

Suppression Court Opinion, 2/17/2017, at 2-4 (unnecessary capitalization omitted).

The blood test was conducted, and McManus's blood tested positive for morphine. Motion to Suppress, 8/23/2016, at ¶ 6. Based on this incident, Appellant was charged with two counts of driving under the influence of drugs, possession of a controlled substance, possession of drug paraphernalia, and driving with a suspended license. On August 23, 2016, McManus filed a motion to suppress the results of the blood testing pursuant to the United States Supreme Court's holding in *Birchfield v. North Dakota*, 136 S.Ct. 2160 (2016).[2] The suppression court held a hearing on the motion on January 30, 2017. On February 17, 2017, the suppression court issued an order granting the motion, concluding the results of the blood test are inadmissible at trial.

The Commonwealth timely filed a notice of appeal, and both the Commonwealth and the suppression court complied with Pa.R.A.P. 1925.

On appeal, the Commonwealth presents two issues for our review.

> 1. Did the suppression court err in holding that *Birchfield* []
>    applied with equal force to cases where the driver of a motor

---

[2] "In *Birchfield*, the Supreme Court of the United States held that police can compel a driver to give a breath sample without a warrant; however, police cannot compel a driver to provide a blood sample without first obtaining a search warrant except in certain limited circumstances." *Commonwealth v. Giron*, 155 A.3d 635, 640 (Pa. Super. 2017).

vehicle was under the influence of drugs and not alcohol and thus the warnings of enhanced criminal penalties were not applicable to him?

2. Did the suppression court err in determining that [McManus's] consent to submit to blood testing was involuntary?

Commonwealth's Brief at 4 (suggested answers omitted).[3]

We review these issues mindful of our well-settled standard of review.

When reviewing the grant of a suppression motion, we must determine whether the record supports the [suppression] court's factual findings and whether the legal conclusions drawn from those facts are correct. We may only consider evidence presented at the suppression hearing. In addition, because the defendant prevailed on this issue before the suppression court, we consider only the defendant's evidence and so much of the Commonwealth's evidence as remains uncontradicted when read in the context of the record as a whole. We may reverse only if the legal conclusions drawn from the facts are in error.

*Commonwealth v. Ennels*, 167 A.3d 716, 720 (Pa. Super. 2017) (internal quotation marks and citations omitted).

In *Ennels*, this Court considered the same argument the Commonwealth presents in its first issue on appeal: whether *Birchfield* applies in cases where a defendant is "charged not with drunk driving but with driving under the influence of a controlled substance." *Ennels*, 167 A.3d at 721. This Court considered that issue and held that "[n]o matter the substance suspected of affecting a particular DUI arrestee, *Birchfield* requires that a blood test be authorized either by a warrant (or case-specific

---

[3] McManus has not filed a brief on appeal.

exigency), or by individual consent not based on the pain of criminal consequences." *Id*. 721-22. Accordingly, we conclude that the Commonwealth is not entitled to relief based upon the argument set forth in its first issue.

The Commonwealth also contends that the suppression court erred in concluding that McManus's consent was involuntary. Commonwealth's Brief at 12-17. Once again, this argument was considered and addressed in *Ennels*, and this Court concluded that "implied consent to a blood test cannot lawfully be based on the threat of … enhanced penalties." *Id*. at 724. Accordingly, we hold that the suppression court did not err in concluding that McManus's "consent was [not] the product of an essentially free and unconstrained choice when he consented to the blood test after being read the DL-26 Form from Officer Stamets which informed [McManus] that he would be subject to enhanced criminal penalties for refusal to submit to blood testing." Suppression Court Opinion, 5/17/2017, at 5.

Because this Court's decision in *Ennels* controls the outcome of this case, we affirm the order of the suppression court granting McManus's motion to suppress the blood test.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017