J-S69003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ELIJAH MACON | |
| Appellant | No. 1474 WDA 2016 |

Appeal from the Judgment of Sentence September 1, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005145-2016

BEFORE:  BOWES, RANSOM, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 16, 2017**

Elijah Macon appeals from the judgment of sentence of three years probation that was imposed after he was convicted of receiving stolen property ("RSP") and carrying an unlicensed firearm.  We reject Appellant's challenges to the denial of his suppression motion and sufficiency of the evidence supporting his conviction of RSP.  Accordingly, we affirm.

The pertinent facts follow.  On April 14, 2016, Mount Oliver Police Sergeant Kevin Lockhart and Mount Oliver Police Officer William Griser were on duty in different locations.  At 4:30 a.m., they received a dispatch that two African-American males with backpacks were breaking into cars along Quincy Avenue.  While traveling to that location and ten minutes after receiving the broadcast, Officer Griser observed two African-American males

_____
* Former Justice specially assigned to the Superior Court.

with backpacks on Transverse Street, about two blocks from Quincy Avenue, and Officer Griser broadcast that information. Sergeant Lockhart arrived at Transverse Street moments later. Sergeant Lockhart detained and questioned Appellant for investigatory purposes while Officer Griser spoke with Appellant's companion. Appellant and the other man gave conflicting stories to the two police officers about where they had been and where they were headed. Neither Appellant nor the other male were able to supply an address for their destination.

Officer Griser searched the backpack of Appellant's companion, finding a prescription pill container with the name of a third party and social security cards belonging to different people. Sergeant Lockhart patted down Appellant and his backpack. He felt an object that appeared to be a firearm. Inside of Appellant's backpack, Officer Lockhart discovered a gun that was not registered to Appellant. Later, police ascertained that the weapon was stolen. The presence of that firearm was the basis for Appellant's convictions of RSP and possession of an unlicensed firearm. This appeal followed the denial of Appellant's suppression motion and imposition of the above-delineated judgment of sentence.

On appeal, Appellant raises these averments.

I. Did the trial court err in denying Mr. Macon's motion to suppress the evidence obtained from the search of Mr. Macon's backpack?

II. Did the Commonwealth fail to present sufficient evidence to support Mr. Macon's conviction for Receiving Stolen Property?

Appellant's brief at 6.

Appellant first claims that the court improperly denied his suppression motion.[1] The standard of review for the denial of a motion to suppress evidence is settled:

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

---

[1] Normally, we would address a sufficiency issue first in that a successful claim results in discharge. **Commonwealth v. Ford**, 141 A.3d 547, 552 (Pa.Super. 2016). However, in the present case, Appellant does not contest that the evidence was sufficient to sustain his conviction of possession of an unlicensed firearm, challenging only the RSP conviction. Hence, discharge would not be a remedy herein, and we will address the issues in the order presented.

***Commonwealth v. Smith***, 164 A.3d 1255, 1257 (Pa.Super. 2017), (quoting ***Commonwealth v. Jones***, 121 A.3d 524, 526–27 (Pa.Super. 2015).

Herein, Appellant contests the suppression court's conclusion that the pat down of his backpack was a legitimate safety search. In ***Commonwealth v. Guess***, 53 A.3d 895 (Pa.Super. 2012), we articulated that a police officer may conduct a safety pat down once the officer possesses reasonable suspicion, based upon articulable facts, that the person in question has committed a crime.

Therein, two men unsuccessfully attempted to break into the apartment of a man, and, after they stopped, the victim observed the two men attempting to break into an adjacent apartment. He reported the incident to police along with a general description of the two suspects. Within ten minutes, police arrived at the scene of the reported burglary. They soon saw two suspects, Guess and another man, who were in the vicinity of the crime and who were wearing the clothing described by victim of the attempted burglary. Guess and his cohort started to leave once they saw police, but were immediately approached and questioned by the responding officers.

The suspects said that they were at the apartment complex to visit a friend, whose name they were unable to provide. Guess dropped a credit card embossed with a women's name. After ascertaining that the credit card

did not belong to Guess, a police officer patted him down for the officer's safety, finding jewelry and arresting him.

Guess claimed that his search and seizure was unconstitutional. We noted that, for purposes of the constitution, interactions with police are placed in one of three categories. The first is a mere encounter, where no level of suspicion is required. The second is an investigatory detention, where a seizure has occurred and which must be supported by reasonable suspicion. The third is an arrest, which police must have probable cause to conduct.

This Court in **Guess** ruled that the interaction between police and Guess was a mere encounter until he was patted down for safety purposes, when we ruled that the interaction escalated into an investigatory detention. We noted that, in order to justify a pat-down search under **Terry v. Ohio**, 392 U.S. 1 (1968), "the officer must have reasonable suspicion, under the totality of the circumstances, that criminal activity is afoot and that 'the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others.'" **Id**. at 901 (partially quoting **Terry**, 392 U.S. at 24). We held that the investigatory detention at issue was valid and "was supported by reasonable suspicion of criminal activity and a justifiable belief in the need to protect officer safety." **Id**.

Specifically, we relied upon the following facts. Guess and his cohort matched the physical description given by the victim and were found within the apartment complex where the crime occurred. Further, when police approached Guess, Guess appeared nervous and eager to flee. In addition, Guess and his companion were unable to provide the name of the friend who they purportedly were visiting in the complex. Finally, Guess dropped a credit card that did not bear his name. We stated that police were "justified in believing that criminal activity was afoot and that a pat-down search was necessary for officer safety." *Id*. at 902. We arrived at this conclusion despite the fact that no police officer specifically articulated that they had a reason to conclude that Guess was armed.

The facts herein are indistinguishable. Police received a report of two African-American males breaking into vehicles and carrying backpacks. Appellant and his companion were African-American men with backpacks and were discovered by police two blocks from the reported crime scene. A prescription pill bottle and social security cards that did not belong to Appellant's cohort were found in his backpack. Appellant and his companion were traveling in a direction that was not consistent with their stated destination and were unable to give the address where they were headed. They appeared anxious, nervous, and eager to flee the police. Thus, under *Guess*, reasonable suspicion was present and a safety pat down warranted.

- 6 -

We therefore conclude that the suppression court did not abuse its discretion in denying Appellant's suppression motion.

Appellant's second averment is that there was insufficient evidence to support his RSP conviction. Since a challenge to the sufficiency of the evidence raises a question of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Giron***, 155 A.3d 635, 638 (Pa.Super. 2017).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. **The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence**. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Fitzpatrick***, 159 A.3d 562, 567 (Pa.Super. 2017) (emphasis added; citation omitted).

The crime of receiving stolen property is defined as follows:

**(a) Offense defined.**—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S. § 3925(a). Accordingly, the elements of the crime of receiving stolen property include "(1) intentionally acquiring possession of the movable property of another; (2) with knowledge or belief that it was probably stolen; and (3) the intent to deprive permanently." **Commonwealth v. Robinson**, 128 A.3d 261, 265 (Pa.Super. 2015).

Appellant solely maintains that the evidence was insufficient to establish that he knew or believed that the gun was probably stolen, and admits that the other elements of the crime was established. Appellant's brief at 17. As to this element of the crime in question, we observed

Circumstantial evidence of guilty knowledge may include, *inter alia*, the place or manner of possession, alterations to the property indicative of theft, the defendant's conduct or statements at the time of arrest (including attempts to flee apprehension), a false explanation for the possession, the location of the theft in comparison to where the defendant gained possession, the value of the property compared to the price paid for it, or any other evidence connecting the defendant to the crime.

*Id*. at 265.

Herein, Appellant was in possession of a firearm, was evasive with police, and appeared anxious to flee. His cohort had items belonging to others that had been stolen in his backpack. Additionally, the gun in question belonged to someone other than Appellant and, in order to be

legally carried on the street, had to be licensed. Appellant did not have that license. He and his companion were in the process of breaking into cars when the firearm was found. We conclude that the facts and circumstances at issue herein support a finding that Appellant knew beyond a reasonable doubt that the gun in his backpack was stolen. Accordingly, we reject his challenge to the sufficiency of the evidence supporting his RSP conviction.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2017