J-S80005-17

**ON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRANDON BAGBY | : | |
| | : | |
| Appellant | : | No. 1511 EDA 2016 |

Appeal from the Judgment of Sentence March 21, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013076-2014

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                **FILED JANUARY 17, 2018**

Brandon Bagby appeals from the judgment of sentence of eight and one-half to seventeen years imprisonment that the trial court imposed after a jury convicted Appellant of three violations of the Uniform Firearms Act. We affirm.

At a joint trial with Shannon Dukes, Appellant was convicted of carrying an unlicensed firearm, carrying a gun on public property in Philadelphia, and carrying a firearm by a prohibited person.  The trial court provided a complete and cogent description of the evidence presented against Appellant.

> At about 12:50 AM on November 4, 2014, Santino Nunez, the complainant, was returning to his home at 404 West Raymond Street in North Philadelphia.  Mr. Nunez parked on Annsbury Street and saw four men walking down 4th Street.  Mr. Nunez turned the corner and walked up to the porch of his residence when he saw the group of men walking in his direction.  As he

was unlocking his front door, Mr. Nunez noticed two of the men were now directly in front of his porch. These two men were identified as Appellant and his co-defendant, Shannon Dukes.

Mr. Nunez testified that Dukes pulled out a gun and approached him, telling him to move to the side. Dukes said "what do you have? Who lives in the house?" and told Mr. Nunez to "shut up." [Notes of Testimony ("N.T."), 11/10/2015,] at 38. Mr. Nunez testified that Dukes held the gun within a foot of his face during the encounter. Mr. Nunez testified that while Dukes held the gun in his face, he was afraid and thought he was going to die.

Mr. Nunez stated that after a few minutes Dukes said to him "You know what, you're a young bull, forget it. It's okay, You're good." *Id*. at 39. Dukes then jumped off the porch and both he and Appellant ran down the street. After they ran off, Mr. Nunez went inside and told his family what had happened. He went back outside with his father-in-law to see where the two men had gone but did not see them. Mr. Nunez then called the police.

Officer Kyle Cross of the Philadelphia Police Department responded to a radio call at about 12:50 AM on November 4, 2014, and arrived at 403 West Annsbury Street. There he spoke with a woman who stated that she had called because several men had approached her as she walked from her vehicle to her house and tried to force their way into the house. She had given a description when she initially called the police, and two other officers stopped suspects matching the description. A short while after, the woman decided she did not want to go forward with police involvement.

After leaving the woman's house, Officer Cross received another radio call and responded to 404 West Raymond Street, which was around the corner. There he spoke to Mr. Nunez who described how two men had followed him from his car and threatened him with a gun. Officer Cross took Mr. Nunez to where Officers Lynch and Hough had stopped several men to determine if they were the same individuals.

Officer Richard Hough testified that he was in a marked patrol car with his partner, Officer Lynch, when they received a radio call regarding an attempted robbery on West Annsbury

Street. On their way to the address, they saw three men matching the description provided in the area of Fourth and Bristol Streets. They stopped alongside the men and Officer Lynch told them to stop. Officer Hough testified that as he exited the vehicle and approached the men, Appellant began walking away. Officer Hough started to follow until Appellant changed directions and ran back past the police vehicle. Officer Lynch was still seated in the driver's seat of the vehicle. Officer Lynch pursued Appellant while Officer Hough remained with the other two men who had been stopped.

Officer William Lynch testified that Appellant ran east on Bristol Street, then north on Fisher. Officer Lynch followed Appellant in his vehicle. According to Officer Lynch, the street was well lit and he had a direct view of Appellant. As Appellant was running, Officer Lynch observed him pull a silver handgun from his waistband and discard the gun in front of 4322 North 46 Street. Officer Lynch's vehicle was approximately ten feet away from Appellant when he discarded the handgun. He continued running past about five houses before stopping. Once stopped, Officer Lynch exited the vehicle and apprehended Appellant. Another officer, Sergeant Melia, arrived on the scene and stayed with Appellant while Officer Lynch recovered the handgun. When Officer Lynch retrieved the gun, he removed the magazine and observed three live rounds inside.

Appellant was brought back to where Officer Hough was waiting with Dukes and a third man, David Flipper. Mr. Nunez then arrived and was able to positively identify the Appellant, and Dukes, as the two men that had approached him at his house. A stipulation was made at trial that Appellant was not licensed to carry a firearm. It was also stipulated that Dukes was similarly not licensed to carry a firearm.

Trial Court Opinion, 1/23/16, at 2-4.

Following imposition of the above-described sentence, Appellant filed a post-sentence motion, wherein he raised a challenge to the weight of the evidence. That motion was denied, and this appeal, wherein he raises the following contentions, ensued:

1. Was the evidence presented at trial by the [C]ommonwealth insufficient to sustain defendant's conviction for Firearms not to be Carried w/o License, 18 Pa.C. S.A. § 6106 §§ A1 and Carry Firearms in Public in Philadelphia, 18 Pa.C.S.A. § 6108?

2. Was the verdict against the weight of the evidence in regard to the charges of Firearms not to be Carried w/o License 18 Pa.C.S.A. § 6106 §§ A1 and Carrying Firearms Public in Philadelphia 18 § 6108?

3. Should the jury have been instructed in regard to PA-JICRIM 12.908B (Crim) Prohibited Offensive Weapon Defense?

4. Was the consolidation of defendant Brandon Bagby's case with defendant Shannon Dukes' case in error?

Appellant's brief at 4.

Appellant complains that the evidence was not sufficient to sustain his convictions of 18 Pa.C.S. §§ 6106 (a)(1) and 6108. Since a challenge to the sufficiency of the evidence raises a question of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Giron**, 155 A.3d 635, 638 (Pa.Super. 2017).

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and

all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Fitzpatrick***, 159 A.3d 562, 567 (Pa.Super. 2017) (citation omitted).

Section 6106(a)(1) of the Crimes Code states that, with exceptions herein inapplicable, "any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S. § 6106(a)(1). Section 6108 provides, "No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class [*i.e.*, Philadelphia] unless" that person "is licensed to carry a firearm" or is "exempt from licensing[.]" 18 Pa.C.S. § 6108(1), (2).

In this case, Appellant does not claim that he had a license to carry the firearm that was viewed in his possession by Philadelphia Police Officer William Lynch; instead, he notes that Dukes, rather than he, aimed the firearm at Mr. Nunez. Appellant claims that he removed the gun from the custody of his co-defendant Dukes in order to prevent Dukes from carrying out any further crimes with it. The stated claim is unrelated to the sufficiency of the evidence for the crimes in question. Officer Lynch plainly stated that Appellant was carrying a gun and discarded it under a vehicle. That testimony was sufficient to establish that Appellant was carrying a

weapon on or about his person and that he was carrying a firearm in Philadelphia. As Appellant was not licensed to do so, the evidence was sufficient to sustain the convictions in question.

Appellant next avers that his conviction is against the weight of the evidence since he did not point the weapon at Mr. Nunez. Appellant was not convicted of assaulting Mr. Nunez. His convictions rest upon the fact that Officer Lynch saw him wielding the weapon just before he and Dukes were apprehended. A challenge to the weight of the evidence prevails when the trial court determines that the evidence was such that a guilty verdict shocks the trial court's sense of justice. *Commonwealth v. Diaz*, 152 A.3d 1040 (Pa.Super. 2016). This Court does not review a weight claim in the first instance, but merely examines whether the trial court abused its discretion in rejecting the defendant's position. *Id*. The factfinder is the arbiter of credibility and is free to reject or accept all, part, or none of the evidence presented. *Id*. Herein, the jury found Officer Lynch credible, and, in light of Appellant's argument on appeal, we ascertain no abuse of discretion in the trial court's decision to refuse to set aside the verdict based on the Appellant's position that it was against the weight of the evidence.

Appellant next avers that the trial court should have disseminated the following instruction, in pertinent part:

1. It is a defense to a charge contained in count that the defendant [possessed] the weapon:

. . . .

d. possessed the weapon briefly:

- In consequence of having found it; or

- in consequence of having taken it from an aggressor; or

- under circumstances negating any intent or likelihood that the weapon would be used unlawfully.

2. The defendant has the burden of proving this defense by a preponderance of the evidence. A preponderance of evidence means that it is more likely than not that the defense does apply.

3. Thus, even though you may believe the defendant otherwise committed the crime charged, you must find [him] [her] not guilty if you are satisfied by a preponderance of the evidence that the defendant has established the defense I just outlined for you.

Pa. SSJI (Crim.), §12.908B (2016) (some brackets omitted).

This jury instruction pertains to a defense to the crime of prohibited offensive weapons, which states that a person commits "a misdemeanor of the first degree if, except as authorized by law, he makes repairs, sells, or otherwise deals in, uses, or possesses any offensive weapon." 18 Pa.C.S. § 908(a).  The flaw in this third argument is, of course, that Appellant was neither charged with nor convicted of carrying a prohibited offensive weapon.  The charges at issue herein consisted of carrying an unlicensed weapon, carrying a weapon on a public street or property in Philadelphia, and possession of a firearm by a prohibited person.  The defenses outlined in the outlined suggested jury instruction relate to the crime defined in § 908,

and not the ones at issue in this case. Thus, the trial court properly refused to instruct the jury under its precepts.

Appellant's final position, articulated in four sentences, is that his trial should not have been consolidated with that of Dukes. Appellant provides not a single citation to support his position, and he provides no developed argument that he should not have been tried jointly with Dukes when Appellant and Dukes were together during the entire episode in question. We find this final position waived. ***Commonwealth v. Wilson***, 147 A.3d 7, 22 (Pa.Super. 2016) (waiving argument "presented in a conclusory fashion without argument or citation to authority").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/18