J-S42008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES HENRY SHEPARD, IV | : | |
| | : | |
| Appellant | : | No. 238 MDA 2018 |

Appeal from the Order Entered November 27, 2017
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000644-2017

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                      **FILED AUGUST 17, 2018**

James Henry Shepard, IV appeals from the order denying his motion to suppress blood alcohol content ("BAC") test results obtained without a warrant during a driving under the influence ("DUI") investigation.[1]  We affirm.

The parties stipulated to the following facts underlying this appeal.  On November 27, 2016, at approximately 12:21 a.m., Trooper Barry Rowland initiated a traffic stop after observing Appellant's vehicle swerving between lanes and straddling the yellow line.  Upon approaching the vehicle, the trooper smelled marijuana emanating from the vehicle and Appellant, and

---

[1] Appellant timely moved the trial court to certify the interlocutory suppression order for our review pursuant to 42 Pa.C.S. § 702(b).  The trial court granted the request, and Appellant timely filed a petition for permission to appeal in this Court pursuant to Pa.R.A.P. 1311(b).  We granted Appellant's petition, *per curiam*, and this timely appeal of the suppression order followed.

---

*   Retired Senior Judge assigned to the Superior Court.

noticed Appellant seemed dazed. Appellant admitted to smoking marijuana earlier that evening. Appellant agreed to perform standard field sobriety tests, which he failed.

Appellant was arrested and transported to Mount Nittany Medical Center for BAC testing. The trooper read to Appellant the Pennsylvania Department of Transportation DL-26B waiver of rights form ("the DL-26B form"), as revised in June 2016.[2] Appellant thereafter consented to have his blood drawn and signed the DL-26B form. Trooper Rowland did not warn Appellant of any other penalties beyond what was contained in the DL-26B form, which made

---

[2] Specifically, the DL-26B form that was read to Appellant provided in relevant part as follows:

It is my duty as a police officer to inform you of the following:

1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.

2. I am requesting that you submit to a chemical test of blood.

3. If you refuse to submit to a blood test, your operating privileges will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of driving under the influence, you will be suspended for up to 18 months.

4. You have no right to speak to an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

DL-26B Form.

- 2 -

no reference to any criminal penalties. Nor did Trooper Rowland advise Appellant that no enhanced criminal penalties would apply if Appellant refused the blood draw. Appellant was not threatened by Trooper Rowland to submit to the blood draw.

The test results indicated the presence of THC, the principal psychoactive constituent of marijuana. Appellant was charged with driving under the influence of alcohol or a controlled substance, and several drug and vehicle offenses. On July 20, 2017, he filed a motion to suppress the BAC test results on the basis that, because no warrant was obtained to test his blood, his Fourth Amendment rights were violated pursuant to *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016). The trial court conducted a suppression hearing, after which the parties submitted briefs in support of their respective positions. On November 27, 2017, the trial court entered an order denying suppression. This timely appeal followed.

On appeal, Appellant raises the following issue for our review: "Was [Appellant's] consent to the blood draw unconstitutional pursuant to the Fourth Amendment to the United States Constitution and Article I , Section 8 of the Pennsylvania Constitution?" Appellant's brief at 5.

Appellant challenges the trial court's denial of his motion to suppress the BAC test results on the ground that his consent was invalid. In addressing a challenge to the denial of a suppression motion,

> Our standard of review . . . is limited to determining whether the
> factual findings are supported by the record and whether the legal

- 3 -

> conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted. Our scope of review of suppression rulings includes only the suppression hearing record . . .

*Commonwealth v. Singleton*, 169 A.3d 79, 82 (Pa.Super. 2017) (citations omitted).

Preliminarily, we review the legal and administrative developments regarding Pennsylvania's DUI laws over the past two years. In June of 2016, the Supreme Court of the United States in *Birchfield* held that warrantless blood draws cannot be justified as a search incident to arrest, and therefore a state cannot threaten enhanced criminal penalties as a means to obtain consent. *Birchfield*, *supra* at 2185-86. This Court subsequently held that the imposition of enhanced criminal penalties for failure to consent to a blood test constituted an illegal sentence under *Birchfield*. *See Commonwealth v. Giron*, 155 A.3d 635, 639 (Pa.Super. 2017).

Within one week of the *Birchfield* decision, PennDOT revised the DL-26 form to remove the warnings mandated by 75 Pa.C.S. § 3804(c) that informed individuals suspected of DUI that they would face enhanced criminal penalties if they refused to submit to a blood test. This revised DL-26B form, which does not include warnings regarding enhanced criminal penalties, correctly reflects *Birchfield*'s holding. Despite the creation of the DL-26B form in the wake of *Birchfield*, numerous cases pending before trial and

appellate courts involved defendants who were given the warnings contained in the original DL-26 form that erroneously informed them that they would face enhanced criminal penalties if they refused to submit to a blood test. This Court ultimately held that the DL-26 form warnings read to defendants prior to PennDOT's revision were partially inaccurate. *See Commonwealth v. Evans*, 153 A.3d 323, 331 (Pa.Super. 2016) ("Since *Birchfield* held that a state may not 'impose criminal penalties on the refusal to submit to [a warrantless blood] test,' the police officer's advisory to [a]ppellant [that refusal to submit to the test could subject appellant to more severe penalties set forth in 75 Pa.C.S. § 3804(c)] was partially inaccurate.").

On July 20, 2017, Governor Thomas W. Wolf signed into law Act 30 of 2017, which amended 75 Pa.C.S. § 3804 to comport with *Birchfield*. Specifically, Act 30 provides for enhanced criminal penalties for individuals who refuse to submit to blood tests **only** when police have obtained a search warrant for the suspect's blood. *See* 75 Pa.C.S. § 3804(c). Hence, from July 20, 2017, and thereafter, the DL-26B form conforms to statutory law. However, for approximately the prior thirteen months, including at the time of Appellant's arrest, the DL-26B form warnings were consistent with the law as interpreted by the Supreme Court of the United States and this Court, but inconsistent with the unconstitutional provisions of Title 75.

With this background, we turn to Appellant's issue. Appellant argues that, despite the elimination in the DL-26B form of any reference to the

imposition of criminal penalties for refusing to consent to a blood test, criminal penalties still attached to such a refusal under then-existing Pennsylvania law because Appellant was arrested before subsection 3804(c) was amended to comport with **Birchfield**. On this basis, Appellant contends that his consent to the blood test was not voluntary because he was "expected and assumed to know the laws of this Commonwealth, including the criminal penalties if he refused to consent to a blood draw." Appellant's brief at 16. Appellant argues that, given his knowledge that subsection 3804(c) had not been amended, he "was not made aware of his rights to refuse against a warrantless search since he was not informed that the enhanced criminal penalties of [subsection 3804(c)] would not be enforced." **Id**. at 16-17.

Appellant's arguments lack merit. It is well established that when a statute is deemed unconstitutional, it is ineffective for any purpose and it is as if it were never enacted. **See Commonwealth v. Wolfe**, 140 A.3d 651, 661 (Pa. 2016); **see also** 16 C.J.S. CONSTITUTIONAL LAW § 265 (2016) (reciting the general rule that an unconstitutional, non-severable statute is "not a law, has no existence, is a nullity, or has no force or effect or is inoperative" (footnotes omitted)). Thus, even though subsection 3804(c) had not yet been amended or specifically deemed unconstitutional by Pennsylvania appellate courts at the time of Appellant's arrest, it was nevertheless a legal nullity pursuant to **Birchfield**. **See Commonwealth v. Johnson**, ___ A.3d ___, 2018 PA Super 133, at *9 (Pa.Super. 2018) (holding that "the Supreme

Court of the United States' constitutional pronouncements have immediate and national consequence. **Birchfield** became the 'supreme Law of the Land,' which [appellant] and all other citizens of the United States were presumed to know on the day that the Supreme Court announced it - April 20, 2016"); **see also Commonwealth v. Smith**, 177 A.3d 915, 921 (Pa.Super. 2017) ("To reiterate, the decision in **Birchfield**, which was controlling law at the time of Appellant's arrest, prohibited states from imposing criminal penalties upon an individual's refusal to submit to a warrantless blood test.").

Moreover, Appellant's ignorance of United States constitutional law cannot invalidate his consent to the blood draw. **Johnson**, **supra** at *9. On the day **Birchfield** became law, Appellant should have known that subsection 3804(c)'s additional criminal sanctions were without force or effect of law, and the law constructively imports that knowledge to him. **Id**. Therefore, Appellant's ignorance of his constitutional rights provides no excuse. **Id**. Accordingly, we conclude that the trial court correctly determined that the language contained in the revised DL-26B form was a correct statement of the law in accordance with **Birchfield** when Officer Rowland read it to Appellant. **See** Trial Court Opinion, 11/27/17, at 9-10.

Appellant next claims that his consent was invalid under the totality of the circumstances because it was given when he was under arrest and not free to leave, and he was not informed of his right to refuse the blood draw. Appellant's brief at 24-26.

Under *Evans*, a trial court must consider the totality of the circumstances when determining if a DUI suspect's consent to a blood draw was voluntary. *See Evans*, *supra* at 331. As Our Supreme Court has explained:

> While there is no hard and fast list of factors evincing voluntariness, some considerations include: 1) the defendant's custodial status; 2) the use of duress or coercive tactics by law enforcement personnel; 3) the defendant's knowledge of his right to refuse to consent; 4) the defendant's education and intelligence; 5) the defendant's belief that no incriminating evidence will be found; and 6) the extent and level of the defendant's cooperation with the law enforcement personnel.

*Commonwealth v. Gillespie*, 821 A.2d 1221, 1225 (Pa. 2003) (Eakin, J., opinion announcing the judgment of the court) (citing *Commonwealth v. Cleckley*, 738 A.2d 427, 433 n.7 (Pa. 1999)).

Based on our review of the certified record, we conclude that the facts of the instant case clearly weigh in favor of a finding of knowing and voluntary consent. Although Appellant was in custody at the time he consented, there is no evidence that his consent to the blood draw was the product of duress, threats, or coercion on the part of law enforcement. No testimony was presented that Trooper Rowland's demeanor or expression was harsh or confrontational, or that he misrepresented the facts in an effort to get Appellant to consent to the blood draw. Indeed, Appellant stipulated that Trooper Rowland did not threaten him. Trooper Rowland read Appellant the revised DL-26B form, which provided an accurate statement of the law, before requesting his consent to the blood draw. The revised DL-26B warning clearly

- 8 -

indicated the blood draw was merely a request, which Appellant was free to refuse and be subject to certain civil penalties. Appellant had the opportunity to read and sign the revised DL-26B form, and thereafter elected to sign it, indicating his consent to the blood draw.

Furthermore, any subjective, but inaccurate, belief of Appellant that he could not refuse a blood test without criminal penalties does not weigh heavily against voluntariness since, as noted above, Appellant was presumed to know the legal effect of *Birchfield* on the day it was announced. There was no evidence to suggest that Appellant suffered any physical mental, or emotional limitation, or had any language barrier that would have impaired his ability to comprehend the language of the DL-26B form so as to render him incapable of providing voluntary consent to the blood draw. Finally, no evidence was presented regarding whether Appellant was aware that incriminating evidence would be found in his blood.

Accordingly, the record supports the trial court's determination that, under the totality of the circumstances, Appellant's consent was knowing and voluntary. *See* Trial Court Opinion, 11/27/17, at 11. Therefore, the trial court did not err in denying Appellant's motion to suppress the results of his BAC test.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/18