J-S03039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD JAMES THOMAS, JR. | : | |
| | : | |
| Appellant | : | No. 891 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 25, 2021
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0001305-2019

BEFORE:  LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED: FEBRUARY 14, 2022**

Ronald James Thomas, Jr. (Thomas) appeals from the judgment of sentence imposed by the Court of Common Pleas of Washington County (trial court) after a jury convicted him of possession with intent to deliver (PWID), simple possession and possession of drug paraphernalia.[1]  We affirm.

On June 6, 2019, the Washington County Drug Task force (Task Force) executed a search warrant on Thomas's residence.  When they entered, the Task Force found Thomas in the kitchen.  There were also several other people in the residence.  One of the persons was Jessica Hall (Hall), who was in the residence's bedroom.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), (16) and (32).

After clearing the residence, a canine officer and his partner searched the residence. During that search, the canine alerted on a safe in the residence's bedroom. After opening the safe, the Task Force found, among other things, 55 stamps bags of suspected heroin; a scouring pad; a plastic case; and two digital scales. The Task Force also found suboxone strips on a nightstand in the bedroom. Forensic testing later confirmed that the stamp bags contained heroin and fentanyl while the suboxone strips were confirmed to be buprenorphine. Thomas was charged with (1) PWID—heroin/fentanyl; (2) simple possession—heroin/fentanyl; (3) simple possession—suboxone; and (4) possession of drug paraphernalia.

At trial, the Commonwealth sought to prove that the bedroom safe belonged to Thomas. A Task Force detective testified that the residence had only one bedroom, and that it had a handwritten note on its door stating, "no one goes in this room, no one. RT." According to the detective, "RT" referred to Thomas. Additionally, besides finding mail addressed to Thomas in the residence, Thomas's driver's license listed the address for the residence.

The Commonwealth also called Hall as a witness. She testified that the safe belonged to Thomas and that he gave her the key to the safe. While she did not go into the safe, she knew from her past experiences that it was where Thomas kept his drugs to sell to people who came to the residence.

The jury found Thomas guilty of all charges, after which the trial court imposed an aggregate sentence of 6 to 12 years' imprisonment.[2]  Thomas did not file post-sentence motions but did file this appeal to challenge the sufficiency of the evidence for his convictions.[3]

---

[2] The trial court sentenced Thomas to serve 66 to 132 months for PWID (count one); a consecutive 6 to 12 months for simple possession—suboxone (count three); and a concurrent 1 to 3 months for possession of drug paraphernalia (count four).  The trial court merged simple possession—heroin/fentanyl (count two) with PWID.

[3] Our standard of review for sufficiency challenges is well-established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for a fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence received must be considered.  Finally, the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Williams*, 255 A.3d 565, 578-79 (Pa. Super. 2021) (citation omitted).

On appeal, Thomas contends that the evidence was insufficient because the Commonwealth did not establish that he was in "possession" of the illegal drugs. In this regard, he highlights that the Task Force found him in the kitchen and not in the bedroom. Furthermore, while there was evidence of him living in the residence, he stresses that the Task Force found Hall in the bedroom and that she had a key to the safe. In his view then, the Commonwealth failed to establish that he had constructive possession over the safe and its contents.

Regarding the element of constructive possession, our Supreme Court has explained:

> Where possession is an element of the offense, the concept of constructive possession is a legal fiction used to prove the element although the individual was not in physical possession of the prohibited item. The evidence must show a nexus between the accused and the item sufficient to infer that the accused had the power and intent to exercise dominion and control over it. Dominion and control means the defendant had the ability to reduce the item to actual possession immediately, or was otherwise able to govern its use or disposition as if in physical possession. Mere presence or proximity to the contraband is not enough. Constructive possession can be established by inferences derived from the totality of the circumstances.

*Commonwealth v. Peters*, 218 A.3d 1206, 1209 (2019) (citations omitted).

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude there was sufficient evidence for the jury to infer that Thomas had the power and intent to exercise dominion and control over the safe in the bedroom. The trial court summarized the evidence establishing constructive possession:

...When the police searched the residence on June 6th, 2019, various bills addressed to [Thomas] indicated this was his residence, in addition to, [Thomas's] driver's license having the residence as his address. Second, [Thomas] was present in the residence at the time the search warrant was being executed. According to Detective Joseph Fichter, [Thomas] was located in the kitchen of the residence at the time the search warrant was executed. The heroin/fentanyl, packaged in stamp bags, was found in the safe located in [Thomas's] bedroom, with the handwritten note signed "RT" on the door. Although the drugs were found in a room other than the kitchen in which [Thomas] was present at the time of the search, the additional evidence found within the room indicates it was [Thomas's] bedroom. This evidence establishes [Thomas] had the ability to control the heroin/fentanyl located in his residence and his intent to exercise such control.

Trial Court Opinion, 10/13/21, at 9-10 (footnote omitted).

We agree with this analysis and hold that this was sufficient evidence for the jury to conclude that the bedroom belonged to Thomas. Hall testified that Thomas controlled the safe in the bedroom and gave her the key to the safe. As discussed, Thomas asserts that Hall's presence in the bedroom and possession of the key at the time of the search proves that there was insufficient evidence for possession. Besides the fact that Hall's presence in the bedroom does not negate the evidence connecting Thomas to the bedroom safe, any questions about Hall's credibility were for the fact-finder to resolve, a determination that we will not disturb.

Finally, Thomas argues this case is factually like **Commonwealth v. Vallette**, 613 A.2d 548 (Pa. 1992). In that case, our Supreme Court found there was insufficient evidence to find that the defendant constructively

possessed drugs that were found during the search of an apartment in which he was present. In so holding, our Supreme Court observed:

> At trial the Commonwealth attempted to portray [the defendant] as a participant involved in a large drug distribution scheme. However, the only link to the narcotics confiscated from the premises was his presence and apparent acquaintanceship with the co-defendants. The record is clear that no contraband was found in the room in which the [defendant] was sitting at the time entry was made by law enforcement officers; and, although $1500.00 in cash was found hidden on a shelf in a closet located in the room, there was no evidence that [the defendant] knew of its existence, or had access to it: nor is the possession of cash a crime. Moreover, no personal property of [the defendant] was located in the apartment. …

*Id*. at 550 (footnote omitted). The Court also observed that most of the drugs were found "in a closed case located beneath floorboards" in a second-floor room, while the defendant was found on the first floor when the police entered the apartment. *Id*. at 551.

Unlike **Vallette**, the Commonwealth adduced evidence that Thomas not only lived in the residence, but that it was his bedroom in which the Task Force found the safe. The Commonwealth also adduced direct evidence that Thomas controlled the safe and gave Hall the key to the safe. Thus, it is not as if Thomas was merely present in the residence when the Task Force found the drugs. Instead, the Commonwealth presented evidence directly connecting

- 6 -

Thomas to the place where the drugs were found. Thus, we find no merit in his challenge to the sufficiency of the evidence.[4]

        Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/14/2022

---

[4] In his statement of questions involved, Thomas includes a challenge to the weight of the evidence. Yet as he later concedes in his brief, he did not raise this issue in a timely post-sentence motion. Thus, the claim is waived. **See Commonwealth v. Giron**, 155 A.3d 635, 638 (Pa. Super. 2017) ("A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing.") (citation omitted).