J-A18018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JARAD A. ANGOTTI | |
| Appellant | No. 966 WDA 2016 |

Appeal from the Judgment of Sentence May 23, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006569-2015

BEFORE:  BOWES, J., LAZARUS, J., and OTT, J.

CONCURRING MEMORANDUM BY BOWES, J.:      **FILED JANUARY 30, 2018**

I agree that the evidence, when taken in the light most favorable to the Commonwealth, circumstantially established that Appellant was driving under the influence of a controlled substance.[1]  I write separately to address

---

[1] On the day of Appellant's non-jury trial, the trial court ordered a urine screen.  In rendering its verdict, the trial court noted that Appellant tested positive for methamphetamines, in contradiction to his trial testimony.  N.T., 5/5/16, at 50.  The trial court's opinion notes that this result "further called into question" Appellant's credibility.  Trial Court Opinion, 11/30/16, at 8.

Relying on that evidence was improper.  While the results of the drug screen were properly considered with respect to the trial court's decision regarding bond, credibility findings must be made in light of the evidence presented by the parties and cannot encompass extra-record investigations by the factfinders.  Juries are commonly instructed to refrain from conducting their own investigations, and the same principle equally applies in a non-jury proceeding.

the learned Majority's discussion of the fact that Appellant consented to a blood draw.[2]

Appellant was convicted on May 5, 2016. On June 23, 2016, the United States Supreme Court issued **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016), which held that a warrantless blood draw cannot be justified as a search incident to an arrest. The Majority opines that **Birchfield** could raise a question as to the legality of Appellant's sentence.

> [W]e are not constrained to implicate **Birchfield** only where a defendant receives an enhanced penalty for refusing a blood draw. Rather, **Birchfield** is also implicated where a defendant consents to a blood draw subsequent to receiving DL-26 warnings; however, such cases do not necessarily raise legality of sentence questions that this Court may address *sua sponte*.
>
> Here, Angotti voluntarily consented to a blood draw after admitting to using heroin. There is no indication in the record that Officer McDaniel informed Angotti that he would face enhanced criminal penalties for failing to do so or that Officer McDaniel administered a DL-26 form prior to Angotti giving consent. **See Commonwealth v. Wolfe**, 106 A.3d 800, 802 (Pa.Super. 2014) (standard and scope of review over questions involving the legality of sentence is *de novo* and scope of review is plenary). Moreover, Angotti does *not* argue in his brief that his consent was involuntary. Therefore, we deem it inappropriate to *sua sponte* raise this issue and, instead, chose to address only the claim Angotti raised on appeal.

Majority memorandum at 6, n.4. I agree that we cannot *sua sponte* raise any **Birchfield** issue in this case, but that is because **Birchfield** is not

---

[2] For ease of reference I will refer to our memorandum as the Majority; however, Judge Ott has concurred only in the result.

implicated where a defendant consents to a blood draw and fails to file a motion to suppress that evidence as involuntary.

In my view, the Majority overlooks the distinction between convictions and sentences. Assuming *arguendo* that **Birchfield** rendered Appellant's consent involuntary under the rationale expressed in **Birchfield**, then the blood evidence must be suppressed and we would be required to grant a new trial. Whatever the contours of the illegality of sentence construct, it clearly limits this Court to correcting defects regarding **sentences**, not **convictions**.[3] Assuming *arguendo* that **Birchfield** did apply in this case, I fail to see what action we could take with respect to Appellant's sentence. There is no illegality to correct, and we clearly cannot vacate the conviction.

**Birchfield** would present a legality of sentence question in this case only if Appellant received an enhanced sentence as the result of refusing a blood draw, where the issue of consent was properly preserved.[4] As we

_____

[3] I note that Appellant does not address **Birchfield** in his brief. Appellant's Pa.R.A.P. 1925 statement, however, did raise **Birchfield**. Unlike the Majority, Appellant did not assert to the trial court that his sentence was illegal, but rather that his conviction was: "[R]etroactive application entitles Mr. Angotti to a new trial, as Mr. Angotti's blood was drawn without a warrant and the results of the blood draw were admitted as substantive evidence of guilt at his trial." Concise statement, 11/27/16, at unnumbered 3.

[4] We recently held in **Commonwealth v. Napold**, 2017 WL 4105733 (Pa.Super. September 15, 2017), that an appellant who seeks application of **Birchfield** to a claim that the Commonwealth cannot introduce evidence of refusal as substantive evidence of guilt is required to preserve the issue at
*(Footnote Continued Next Page)*

explained in **Commonwealth v. Evans**, 153 A.3d 323, 324 (Pa.Super. 2016), **Birchfield** precludes the imposition of enhanced criminal penalties when a driver refuses to provide blood.

> Thus, even though Pennsylvania's implied consent law does not make the refusal to submit to a blood test a crime in and of itself, the law undoubtedly "impose[s] criminal penalties on the refusal to submit to such a test." **Birchfield**, 136 S.Ct. at 2185–2186. To be sure, Section 3804(c) provides that an "individual who violates section 3802(a)(1)[, DUI, general impairment] and refused testing of blood" is punished more severely than an individual who commits the stand-alone DUI, general impairment offense under Section 3802(a)(1)—and to the same extent as an individual who violates Section 3802(c), relating to DUI, highest rate of alcohol. 75 Pa.C.S.A. § 3804(c).

**Id**. at 331.

Herein, Appellant was not subjected to any criminal penalty due to a refusal, as he did not refuse. Therefore, **Birchfield** has no applicability whatsoever to the legality of the instant sentence, and there is simply no action we could take with respect to his sentence even if we were permitted to reach the issue *sua sponte*. **See Commonwealth v. Giron**, 155 A.3d 635, 639 (Pa.Super. 2017) ("Accordingly, we must determine if Appellant received criminal penalties for his refusal to submit to a warrantless blood test. If he did, his sentence was illegal.") (footnote omitted).

_(Footnote Continued)_ _____

the trial court level. I filed a concurring memorandum expressing my skepticism that **Birchfield** would have applied to that particular claim.

Therefore, I do not join the portions of the memorandum addressing ***Birchfield***.

Judge Ott joins the concurring memorandum.