IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Tomasic                  :
                                      :
           v.                : No. 1189 C.D. 2017
                                        : Submitted: February 2, 2018
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing,       :
                                        :
           Appellant   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                         FILED: June 19, 2018

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals the order of the Westmoreland County Court of Common Pleas (trial court) sustaining the appeal of John Tomasic (Licensee) from a one-year suspension of his operating privilege imposed by DOT pursuant to the former Section 1547 of the Vehicle Code, 75 Pa. C.S. §1547 (Implied Consent Law).[1] We reverse and reinstate the suspension.

---

[1] Section 1547 of the Vehicle Code is commonly referred to as the Implied Consent Law and was amended by the Act of July 20, 2017, P.L. 333, following the instant suspension, but imposes the same suspension based upon the same conduct. Section 1547(b)(1)(i) states, in relevant part:

> (1) If any person placed under arrest for a violation of section 3802 [relating to driving under the influence of alcohol or a controlled substance (DUI)] is requested to submit to chemical testing and

On August 23, 2016, DOT informed Licensee that his operating privilege was suspended for one year based on his failure to submit to a chemical test of his blood on August 11, 2016. Licensee appealed the suspension to the trial court pursuant to Section 1550(a) of the Vehicle Code, 75 Pa. C.S. §1550(a), and a hearing was held.[2]

At the hearing, Officer Jason Fidazzo of the Greensburg City Police testified as follows. On August 11, 2016, Officer Fidazzo stopped a motor vehicle operated by Licensee. Officer Fidazzo detected a strong odor of alcohol emanating from the vehicle and observed that Licensee's eyes were glassy, his speech was slurred, and his hands were shaky. Upon questioning, Licensee admitted to drinking one beer that evening. Based on Licensee's appearance, Officer Fidazzo asked Licensee to perform field sobriety tests. Licensee failed to perform any field sobriety tests. Consequently, Officer Fidazzo placed Licensee under arrest for DUI. Officer Fidazzo then asked Licensee to submit to a chemical test of his blood and, following Licensee's refusal, Officer Fidazzo read Form DL-26B[3] to Licensee outlining the

---

refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows:

(i) Except as set forth in subparagraph (ii) [(setting forth the circumstances leading to an 18-month suspension)], for a period of 12 months.

75 Pa. C.S. §1547(b)(1)(i).

[2] Section 1550(a) provides that "[a]ny person . . . whose operating privilege has been . . . suspended . . . by [DOT] shall have the right to appeal to the court vested with jurisdiction of such appeals . . . ." 75 Pa. C.S. §1550(a).

[3] Form DL-26B read to Licensee states, in relevant part:

consequences for his refusal to consent to the chemical test. Licensee signed the Form DL-26B and again refused to submit to the chemical test.[4]

Licensee did not present any evidence at the hearing, and it is undisputed that Officer Fidazzo did not warn Licensee that he would be subject to enhanced criminal penalties if he refused a chemical test of his blood, as then ostensibly required by the former Section 1547(b)(2)(ii) of the Vehicle Code, 75 Pa. C.S. §1547(b)(2)(ii).[5] Rather, Licensee argued that DOT's suspension of his

---

It is my duty as a police officer to inform you of the following:

1. You are under arrest for [DUI] in violation of Section 3802 of the Vehicle Code.

2. I am requesting that you submit to a chemical test of blood.

3. If you refuse to submit to the blood test, your operating privilege will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of [DUI], you will be suspended for up to 18 months.

4. You have no right to speak with an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

Reproduced Record (R.R.) at 36a.

[4] DOT had the initial burden of demonstrating that Licensee's operating privilege should be suspended under Section 1547 by showing that he: (1) was arrested for DUI by a police officer who had reasonable grounds to believe that he was operating or was in actual physical control of the movement of the vehicle while under the influence of alcohol in violation of Section 3802; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that his refusal might result in a license suspension. *Kollar v. Department of Transportation, Bureau of Driver Licensing*, 7 A.3d 336, 339 (Pa. Cmwlth. 2010).

[5] The former Section 1547(b)(2)(ii) provided as follows:

3

operating privilege was invalid because Officer Fidazzo did not advise Licensee that his refusal would subject him to enhanced criminal penalties in violation of the former Section 1547(b)(2)(ii).

However, eight months before Licensee was stopped, in *Birchfield v. North Dakota*, 579 U.S. __, 136 S. Ct. 2160 (2016), the United States Supreme Court held: the search-incident-to-arrest exception to the warrant requirement does not justify a warrantless search of a motorist's blood; implied consent under an implied consent law does not justify the warrantless search of a motorist's blood; and a state may not impose criminal penalties on a motorist for refusing a blood test requested under an implied consent law.

Four months after Licensee's arrest, the Pennsylvania Superior Court held, based on *Birchfield*, that it is "partially inaccurate" to warn a licensee that he may be subject to enhanced criminal penalties if he refuses a blood test requested under the Implied Consent Law. *Commonwealth v. Evans*, 153 A.3d 323, 331 (Pa. Super. 2016). Therefore, the results of such a blood test must be suppressed, and an enhanced sentence based on a licensee's refusal to submit to such a blood test must be vacated. *Commonwealth v. Giron*, 155 A.3d 635, 640 (Pa. Super. 2017). In short, "in the absence of a warrant or exigent circumstances justifying a search, a defendant

---

It shall be the duty of the police officer to inform the person that:

\* \* \*

 (ii) if the person refuses to submit to chemical testing, upon conviction or plea for violating section 3802(a)(1) [of the Vehicle Code], the person will be subject to the penalties provided in section 3804(c) [of the Vehicle Code] (relating to penalties).

*Former* 75 Pa. C.S. §1547(b)(2)(ii).

4

who refuses to provide a blood sample when requested by police is not subject to . . . enhanced [criminal] penalties." *Id.*

In July 2017, the General Assembly amended Sections 1547(b)(2)(ii) and 3804(c) of the Vehicle Code, 75 Pa. C.S. §§1547(b)(2)(ii), 3804(c), so as to eliminate enhanced criminal penalties for refusing to submit to a chemical blood test and the warning associated therewith. Sections 3 and 4 of the Act of July 20, 2017, P.L. 333. *See Garlick v. Department of Transportation, Bureau of Driver Licensing*, 176 A.3d 1030, 1032-33 (Pa. Cmwlth. 2018).

Ultimately, the trial court adopted Licensee's position that the omission from Form DL-26B that he would have formerly been subject to enhanced criminal penalties violates the former Section 1547(b)(2)(ii) of the Vehicle Code such that DOT did not meet its burden of proof supporting the suspension of his operating privilege.[6] As a result, the trial court sustained Licensee's appeal.

---

[6] The trial court explained its rationale as follows:

> The arguments and briefs of counsel raise the question of whether or not [Licensee's] refusal to submit to a blood test was knowing and conscious based upon the statutorily required advice by Officer Fidazzo[.] The officer testified that he had informed [Licensee] of the sanctions for refusal according to a revised DL-26 Form as it was altered by [DOT]. That advice did not comply with the mandatory advice provided for at 75 Pa. C.S. §1547(b)(2), which states, "the person shall be subject to the penalties provided in Section 3804(c)." Testimony revealed that the DL-26 Form used and read by Officer Fidazzo had been altered from the statutory language required.

> Since Section 1547 of the [Vehicle] Code is the statutory basis for the concept of DEEMED CONSENT and is a matter of legislation and since the statutory language must be strictly applied, the failure to state the imposed sanctions verbatim as required by the legislature cannot be altered without amendment to that enabling

5

On appeal,[7] DOT argues that the trial court erred in sustaining Licensee's appeal because the Implied Consent warnings that Officer Fidazzo provided to Licensee were adequate to support the suspension of his operating privilege under the Implied Consent Law. We agree.

The argument that Licensee raised below and that the trial court adopted is the same as was raised in *Garlick*, 176 A.3d at 1035. For the reasons set forth in *Garlick*, *id.* at 1036, we conclude that DOT met its burden of proving that Licensee was specifically warned about the consequences of refusing a chemical blood test, that is, the suspension of his license.[8] *See Martinovic v. Department of*

---

> legislation. The officer's legislative duty is not changed by the interpretation of cases requiring the same [*See Birchfield*] or other case law. Only an appropriate invalidation of the statute by the courts as being unconstitutional could remove or alter its requirements.

R.R. at 57a-58a (emphasis in original).

[7] Our review is limited to determining whether the trial court committed an error of law, whether the trial court abused its discretion, or whether the findings of fact are supported by substantial evidence. *Reinhart v. Department of Transportation, Bureau of Driver Licensing*, 954 A.2d 761, 765 n.3 (Pa. Cmwlth. 2008).

[8] As we explained in *Garlick*:

> Licensee's argument is, in effect, that because the General Assembly did not immediately amend Section 1547(b)(2)(ii), DOT and the police had to continue to apply Section 1547(b)(2)(ii). However, the effect of *Birchfield* and the Superior Court cases that followed was to render the criminal penalties warned of in Section 1547(b)(2)(ii) as applied to blood testing unenforceable and to effectively sever that section from the rest of the Vehicle Code. *See* Section 1925 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1925 ("[t]he provisions of every statute shall be severable" with certain exceptions not applicable here); *Commonwealth v. Batts*, 163 A.3d 410, 441 (Pa. 2017) (emphasis added) (stating that "[i]f a

*Transportation, Bureau of Driver Licensing*, 881 A.2d 30, 34 (Pa. Cmwlth. 2005) (noting that in order for DOT to meet its *prima facie* burden establishing its entitlement to suspend a licensee's operating privilege, DOT must show, *inter alia*, that the licensee was "specifically warned" about the consequences of refusing a chemical test). Post-*Birchfield*, enhanced criminal penalties for refusing a blood test requested under the Implied Consent Law are no longer constitutionally permissible and, thus, not a permissible consequence of such a refusal. Even though the General Assembly did not immediately amend the former Section 1547(b)(2)(ii) following *Birchfield*, the effect of *Birchfield* was to render the criminal penalties warned of in the former Section 1547(b)(2)(ii) as applied to blood testing unenforceable and to effectively sever that section from the rest of the Vehicle Code. *See* Section 1925 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1925 ("The provisions of every statute shall be severable" with certain exceptions not applicable here). Therefore, the trial court erred in sustaining Licensee's appeal.

Accordingly, the trial court's order is reversed and the one-year suspension of Licensee's operating privilege is reinstated.

_____
MICHAEL H. WOJCIK, Judge

---

provision of a statute is invalidated **for any reason** . . . a court must sever it from the remaining, valid portion of the statute").

176 A.3d at 1036.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Tomasic | : | |
| | : | |
| v. | : | No. 1189 C.D. 2017 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| | : | |
| Appellant | : | |

## **O R D E R**

AND NOW, this 19<u>th</u> day of <u>June</u>, 2018, the order of the Westmoreland County Court of Common Pleas dated August 9, 2017, is REVERSED, and the one-year suspension of John Tomasic's operating privilege is REINSTATED.

_____
MICHAEL H. WOJCIK, Judge