J-A09001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OLUBAYA RANGER | : | |
| | : | |
| Appellant | : | No. 618 WDA 2017 |
| | : | |

Appeal from the Order February 22, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002549-2016

BEFORE:  BOWES, J., DUBOW, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.:                                    **FILED JUNE 22, 2018**

Olubaya Ranger appeals from the order denying his motion to suppress blood alcohol content ("BAC") test results obtained without a warrant during a driving under the influence ("DUI") investigation.[1]  We affirm.

On November 20, 2016, Altoona Police Officer Jon Burns observed Appellant speeding and driving erratically, and initiated a traffic stop.  The officer asked Appellant to perform field sobriety tests, which he performed

---

[1] Appellant timely moved the trial court to certify the interlocutory suppression order for our review pursuant to 42 Pa.C.S. § 702(b).  The trial court denied the request, and Appellant timely filed a petition for permission to appeal in this Court pursuant to Pa.R.A.P. 1311.  We treated Appellant's petition as a petition for review and granted it, *per curiam*.  This timely appeal of the suppression order followed.

poorly. Appellant was then arrested and taken to Altoona Hospital for a blood test. The officer read to Appellant the Pennsylvania Department of Transportation DL-26B waiver of rights form ("the DL-26B form"), as revised in June 2016.[2] Appellant thereafter consented to have his blood drawn and signed the DL-26B form. Test results indicated a BAC of .202%. Appellant was charged with DUI—highest rate of alcohol, and various drug-related and Vehicle Code violations.

Appellant moved to suppress the BAC evidence on the basis that, because no warrant was obtained to test his blood, his Fourth Amendment

---

[2] Specifically, the DL-26B form that was read to Appellant provided in relevant part as follows:

> It is my duty as a police officer to inform you of the following:
>
> 1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.
>
> 2. I am requesting that you submit to a chemical test of blood.
>
> 3. If you refuse to submit to a blood test, your operating privileges will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of driving under the influence, you will be suspended for up to 18 months.
>
> 4. You have no right to speak to an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

DL-26B Form.

rights were violated pursuant to **Birchfield v. North Dakota**, 136 S. Ct. 2160 (2016), requiring suppression of the BAC test results. At a suppression hearing, the Commonwealth and the defense stipulated to the above facts. The parties then submitted briefs, after which the trial court issued an order denying suppression on the basis that the DL-26B form was accurate, and the Commonwealth met its burden of proving that Appellant's consent to the search was voluntary under a totality of the circumstances analysis. This timely appeal followed.

On appeal, Appellant raises the following issues for our review:

1. Whether the new DL-26B form renders consent to blood draw voluntary and if it is in violation of **Birchfield v. North Dakota**, and **Commonwealth v. Myers**[, 164 A.3d 1162 (Pa. 2017)]?

2. Whether the new DL-26B form violates the Fourth Amendment right of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution[?]

Appellant's brief at 4.

Appellant's issues challenge the trial court's denial of his motion to suppress the BAC test results on the ground that his consent was invalid. In addressing a challenge to the denial of a suppression motion,

Our standard of review . . . is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense

as remains uncontradicted. Our scope of review of suppression rulings includes only the suppression hearing record . . ..

*Commonwealth v. Singleton*, 169 A.3d 79, 82 (Pa.Super. 2017) (citations omitted).

Preliminarily, we review the legal and administrative developments regarding Pennsylvania's DUI laws over the past two years. In June of 2016, the Supreme Court of the United States in *Birchfield* held that criminal penalties imposed on individuals who refuse to submit to a warrantless blood test violate the Fourth Amendment, as incorporated into the Fourteenth Amendment. *Birchfield*, *supra* at 2185-86. This Court subsequently held that the imposition of enhanced criminal penalties for failure to consent to a blood test constituted an illegal sentence under *Birchfield*. *See Commonwealth v. Giron*, 155 A.3d 635, 639 (Pa.Super. 2017).

Within one week of the *Birchfield* decision, PennDOT revised the DL-26 form to remove the warnings mandated by 75 Pa.C.S. § 3804(c), that informed individuals suspected of DUI that they would face enhanced criminal penalties if they refused to submit to a blood test. This revised DL-26B form, which does not include warnings regarding enhanced criminal penalties, complies with *Birchfield*. Despite the creation of the DL-26B form in the wake of *Birchfield*, numerous cases pending before trial and appellate courts involved defendants who were given the warnings contained in the original DL-26 form that erroneously informed them that they would face enhanced criminal penalties if they refused to submit to a blood test. This Court

- 4 -

ultimately held that the DL-26 form warnings read to defendants prior to PennDOT's revision were partially inaccurate. *See Commonwealth v. Evans*, 153 A.3d 323, 331 (Pa.Super. 2016) ("Since *Birchfield* held that a state may not 'impose criminal penalties on the refusal to submit to [a warrantless blood] test,' the police officer's advisory to [a]ppellant [that refusal to submit to the test could subject appellant to more severe penalties set forth in 75 Pa.C.S. § 3804(c)] was partially inaccurate."). Thus, when evaluating whether a defendant's consent to a blood draw was voluntary or involuntary, trial courts are required to consider the totality of the circumstances, including whether the defendant was given inaccurate information regarding the criminal consequences of refusing to submit to a blood test. *Id*. (citing *Birchfield*, *supra* at 2186).

On July 20, 2017, Governor Thomas W. Wolf signed into law Act 30 of 2017, which amended 75 Pa.C.S. § 3804 to comport with *Birchfield*. Specifically, Act 30 provides for enhanced criminal penalties for individuals who refuse to submit to blood tests only when police have obtained a search warrant for the suspect's blood. *See* 75 Pa.C.S. § 3804(c). Hence, from July 20, 2017, and thereafter, the DL-26B form conforms to statutory law. However, for approximately the prior thirteen months, including at the time of Appellant's arrest, the DL-26B form warnings were consistent with the law as interpreted by the Supreme Court of the United States and this Court, but inconsistent with the unconstitutional provisions of Title 75.

With this background, we turn to Appellant's issues, which we will address together. Appellant argues that despite the elimination in the DL-26B form of any reference to the imposition of criminal penalties for refusing to consent to a blood test, criminal penalties still attached to such a refusal under then-existing Pennsylvania law because Appellant was arrested before subsection 3804(c) was amended to comport with **Birchfield**. On this basis, Appellant contends that his consent to the blood test was not voluntary because he was not advised that criminal penalties would attach under subsection 3804(c) if he was convicted of DUI after refusing the blood test.

Appellant's arguments lack merit. It is well established that when a statute is deemed unconstitutional, it is ineffective for any purpose and it is as if it were never enacted. **See Commonwealth v. Wolfe**, 140 A.3d 651, 66 (Pa. 2016); **see also** 16 C.J.S. CONSTITUTIONAL LAW § 265 (2016) (reciting the general rule that an unconstitutional, non-severable statute is "not a law, has no existence, is a nullity, or has no force or effect or is inoperative" (footnotes omitted)). Thus, even though subsection 3804(c) had not yet been amended at the time of Appellant's arrest, it was nevertheless a legal nullity pursuant to **Birchfield**. **See Commonwealth v. Smith**, 177 A.3d 915, 921 (Pa.Super. 2017) ("To reiterate, the decision in **Birchfield**, which was controlling law at the time of Appellant's arrest, prohibited states from imposing criminal penalties upon an individual's refusal to submit to a warrantless blood test."). Accordingly, the trial court correctly determined

that the language contained in the revised DL-26B form was a correct statement of the law in accordance with **Birchfield** when Officer Burns read it to Appellant. **See** Trial Court Opinion, 2/6/17, at 6.

Notably, Appellant does not contend that his consent was involuntary for any reason other than that he was not advised of the criminal penalties of subsection 3804(c) which were deemed unconstitutional by **Birchfield**. Based on our review of the record, we agree with the trial court's determination that, under the totality of the circumstances, Appellant's consent was voluntary. **See** Trial Court Opinion, 2/6/17, at 7. We therefore conclude that the trial court did not err in denying Appellant's motion to suppress the results of his BAC test.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2018

---

[3] If, upon remand, Appellant is convicted of DUI, he cannot be sentenced under the prior version of 75 Pa.C.S. § 3804, and will instead be sentenced under the amended version of the statute, which complies with **Birchfield**.