J-A19029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEE KIRK, | : | |
| | : | |
| Appellant. | : | No. 3547 EDA 2018 |

Appeal from the Judgment of Sentence Entered, November 26, 2013,
in the Court of Common Pleas of Monroe County,
Criminal Division at No(s):  CP-45-CR-0002857-2016.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:           **FILED OCTOBER 21, 2019**

Lee Kirk appeals from the judgment of sentence imposed following his

conviction of driving under the influence, highest rate of alcohol, fourth

offense.[1]  We affirm.

The trial court set forth the relevant facts as follows:

Corporal Steven Mertz of the Pocono Mountain Regional Police
Department was parked at the intersection of Routes 940 and 611
at 3:30 a.m. on September 6, 2016[,] while he was on patrol in
the Borough of Mt. Pocono.  He was watching traffic approach the
intersection on Route 940 eastbound.  There was a traffic light
there with a large "No turn on Red" sign facing eastbound traffic.
A car driven by [Kirk] approached the red light, came to a stop
and then turned right on red.  Corporal Mertz activated his flashing
lights, crossed the intersection and sought to pull [Kirk] over.
[Kirk] pulled over after driving for a block with the patrol car
behind him.  [Kirk] emerged from the car and began to walk back

---

[1] 75 Pa.C.S.A. § 3802(c).

---

*   Former Justice specially assigned to the Superior Court.

to the patrol car. Corporal Mertz directed him to remain at the rear of [his] vehicle. He noticed that [Kirk] was bleeding from wounds to his head and arm. A female passenger was in his vehicle. [Kirk] told Corporal Mertz that he has suffered his injuries in an earlier ATV collision, and was on his way to drop his passenger off at the bus stop and was then going to return home. Corporal Mertz noticed that [Kirk] had a strong odor of alcohol about his person and was very unsteady on his feet.

Officer Carmine Saprona arrived at the scene and conducted field sobriety tests, which [Kirk] failed. [The female passenger] was allowed to leave the scene to get her bus to work. Corporal Mertz drove [Kirk] to the DUI Processing Center at the Monroe County Correctional Facility, where he gave a sample of his blood. Corporal Mertz then drove [Kirk] to his home.

Trial Court Opinion, 1/23/19, at 1-2.

Kirk filed a motion to suppress the blood test results, which the suppression court denied. The matter proceeded to a non-jury trial, after which the court found Kirk guilty of the above-described DUI charge. On November 26, 2018, the trial court sentenced him to a prison term of one to five years, in addition to a $2,500 fine, surcharge, fees and costs. This timely appeal followed.[2]

Kirk raises two issues for our review:

1.  Did the trial court make an error of law when it found [Kirk] had agreed to the blood test knowingly, intelligently and voluntarily despite [his] testimony to the contrary, the lack of [his] signature on the form, the officer's statement that the form was not given to [Kirk], and the absence of any mention of the

---

[2] Both the trial court and Kirk complied with Pa.R.A.P. 1925.

acceptance or reading of the form on all police documents?

2.      Did the suppression court make an error of law when it held that the **O'Connell**[3] waiver form provided sufficient information for anyone to understand the rights being waived knowingly, intelligently and voluntarily when the form does not indicate the possible penalties that would be attached to a decision?

Kirk's Brief at 5 (footnote added).

In both of Kirk's issues, he contends that the trial court erred in denying his motion to suppress. When we review the ruling of a suppression court:

we must determine whether the factual findings are supported by the record. When it is a defendant who has appealed, we must consider only the evidence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. Assuming that there is support in the record, we are bound by the facts as are found and we may reverse the suppression court only if the legal conclusions drawn from those facts are in error.

**Commonwealth v. Hicks**, 208 A.3d 916, 925 (Pa. 2019). "[A]ppellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pretrial motion to suppress."

---

[3] The phrase, "**O'Connell** warning," is a shorthand expression for the duty imposed upon a police officer to inform a motorist, who has been asked to submit to chemical testing, that the **Miranda** rights are inapplicable to a request for chemical testing under the Implied Consent Law. **Commonwealth, Dep't. of Transportation v. O'Connell**, 555 A.2d 873 (Pa. 1989). The **O'Connell** warning must specifically inform a motorist (1) that his driving privileges will be suspended for one year if he refuses chemical testing; and (2) that his **Miranda** rights do not apply to chemical testing. **DOT, Bureau of Driver Licensing v. Ingram**, 648 A.2d 285 (Pa. 1994).

*Commonwealth v. Bush*, 166 A.3d 1278, 1281-82 (Pa. Super. 2017) (citation omitted).

Preliminarily, we review the legal and administrative developments regarding Pennsylvania's DUI laws over the past few years. In June of 2016, the Supreme Court of the United States in *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016), held that criminal penalties imposed on individuals who refuse to submit to a warrantless blood test violate the Fourth Amendment, as incorporated into the Fourteenth Amendment. *Birchfield*, 136 S. Ct. at 2185-86. This Court subsequently held that the imposition of enhanced criminal penalties for failure to consent to a blood test constituted an illegal sentence under *Birchfield*. *See Commonwealth v. Giron*, 155 A.3d 635, 639 (Pa. Super. 2017). Within one week of the *Birchfield* decision, PennDOT revised the DL-26 form to remove the warnings mandated by 75 Pa.C.S.A. § 3804(c) that informed individuals suspected of DUI that they would face enhanced criminal penalties if they refused to submit to a blood test. This revised DL-26 form, which does not include warnings regarding enhanced criminal penalties, complies with *Birchfield*.

On July 20, 2017, Governor Thomas W. Wolf signed into law Act 30 of 2017, which amended 75 Pa.C.S.A. § 3804 to comport with *Birchfield*. Specifically, Act 30 provides for enhanced criminal penalties for individuals who refuse to submit to blood tests only when police have obtained a search warrant for the suspect's blood. *See* 75 Pa.C.S.A. § 3804(c). Hence, from July 20, 2017, and thereafter, the DL-26 form conforms to statutory law.

In his first issue, Kirk contends that the Commonwealth failed to meet its burden of showing that he submitted to the blood test knowingly, intelligently and voluntarily. Kirk points to his testimony at the suppression hearing that he was not read the DL-26 form. He claims that the affidavit of probable cause and the incident report do not indicate that the DL-26 form was read or shown to him. He also argues that the absence of his signature on the DL-26 form supports his position that the form was not shown or read to him. While Kirk concedes that Corporal Mertz testified at the suppression hearing that he read the DL-26 form to Kirk; he nevertheless argues that his consent was invalidated because Corporal Mertz did not show the form to Kirk.

The suppression court determined that Kirk's first issue lacks merit. It explained its reasoning as follows:

> In the present case, Corporal Mertz credibly testified he read the DL-26 form verbatim to [Kirk] at the DUI processing Center. Thereafter, [Kirk] consented to a blood test. [Kirk] did not sign the form; however, Corporal Mertz also testified that he has DUI defendants sign the form only if there is a refusal. Corporal Mertz further affirmed, under questioning by the Court, he did not mention anything about criminal penalties to [Kirk] either before or after reading [Kirk] the DL-26 form. Therefore, despite [Kirk's] contention to the contrary, we find [Kirk] was provided the warnings indicated on the DL-26 form and was properly advised of his rights prior to the blood test.

Suppression Court Opinion, 12/22/17, at 5 (unnumbered).

The suppression court's findings are supported by the record. Accordingly, we are bound by those facts. **See Hicks**, **supra**. Moreover, as the suppression court correctly observed, "once a police officer provides the

implied consent warnings to a motorist, the officer has done all that is legally required to ensure the motorist is fully advised of the consequences of failure to submit to chemical testing." Suppression Court Opinion, 12/22/17, at 4 (citing ***Department of Transportation, Bureau of Driver Licensing v. Scott***, 684 A.2d 539, 546 (Pa. 1996)). As we discern no error in the legal conclusions drawn from the suppression court's findings of fact, Kirk's first issue warrants no relief.

In his second issue, Kirk contends that, even if the DL-26 form was read to him, the warnings included in the form were insufficient. Specifically, he claims the form does not indicate the possible criminal penalties for refusal of a blood draw. He asserts that, because the DL-26 form only discloses the civil consequences of refusing to consent to a blood draw, his consent was not knowing, intelligent, or voluntary.

The suppression court determined that Kirk's second issue lacks merit. It explained its reasoning as follows:

> [Kirk] next contends that the current DL-26 form violates Pennsylvania statutory requirements because it does not contain the enhanced criminal penalties language required by 75 Pa. C.S.A. Section 1547(b)(2)(ii). This argument is made of whole cloth. The obvious reason the new form does not include the enhanced criminal penalties language is because of the holding in ***Birchfield*** and appellate cases in Pennsylvania which have held that "in the absence of a warrant or exigent circumstances justifying a search, a defendant who refuses to provide a blood sample when requested by police is not subject to the enhanced penalties provided in 75 Pa.C.S.A. §§ 3803-3804." ***Giron***, 155 A.3d at 640.

Suppression Court Opinion, 12/22/17, at 4.

- 6 -

Notably, Kirk does not contend that his consent was involuntary for any reason other than that he was not advised of the criminal penalties of subsection 3804(c) which were deemed unconstitutional by **Birchfield**. Based on our review of the record, we agree with the suppression court's determination that the language contained in the DL-26 form was a correct statement of the law in accordance with **Birchfield** when Corporal Metz read the form to Kirk. Accordingly, Kirk's second issue merits no relief.

Having concluded that the suppression court did not err in denying Kirk's motion to suppress the results of his BAC test, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/19